THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YVETTE BAILEY,

                Plaintiff,

vs.

ALPHA TECHNOLOGIES INCORPORATED,
a Washington corporation; ALTAIR
ADVANCED INDUSTRIES, INC., a
Washington corporation; ABC, Inc. 1-10,
defendant corporation(s) whose name(s) is/are
unknown; FREDERICK KAISER and "JANE
DOE" KAISER, and the marital community
comprised thereof; and GRACE BORSARI and
"JOHN DOE" BORSARI, and the marital
community comprised thereof,

                Defendants.

NO. 2:16-cv-00727-JCC

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO
DISMISS CLAIMS PURSUANT
TO FED. R. CIV. P 12(b)(6), AND
IN THE ALTERNATIVE,
PLAINTIFF'S MOTION FOR
LEAVE TO AMEND THE
COMPLAINT PURSUANT TO
FED. R. CIV. P. 15**

**NOTED: July 8, 2016**

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT
(2:16-cv-00727-JCC)

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

# TABLE OF CONTENTS

I.  INTRODUCTION AND RELIEF REQUESTED .................................................................. 1

II.  STATEMENT OF FACTS ............................................................................................. 3

    A.  The Court Should Only Consider the Facts Alleged in Plaintiff's Complaint ............ 3

    B.  The Court Should Strike or Disregard New Facts Alleged by the Defendants ........... 4

III.  STATEMENT OF ISSUES ............................................................................................ 5

IV.  AUTHORITY AND ARGUMENT .................................................................................. 6

    A.  The Plaintiff's Complaint Satisfies Fed. R. Civ. P. 8 ........................................ 6

    B.  Plaintiff Has Alleged Enough Facts to State a Plausible Claim of Wrongful Termination in Violation of Public Policy .......................................................... 8

        1.  Plaintiff was employed by all four Defendants ...................................... 8

        2.  Defendants wrongfully terminated Plaintiff's employment ................... 12

    C.  Plaintiff Has Alleged Enough Facts to State a Plausible Claim of Failure to Pay Wages in Violation federal and Washington State Wage Laws ....................... 15

    D.  Plaintiff Has Alleged Enough Facts to State a Plausible Claim of Defamation ............... 17

    E.  Plaintiff Has Alleged Enough Facts to State a Plausible Claim of Intentional Infliction of Emotional Distress ......................................................................... 19

    F.  Plaintiff Has Alleged Enough Facts to State a Plausible Claim of Negligent Infliction of Emotional Distress ......................................................................... 20

    G.  Only the Complaint's Facts and Documents Referenced Should be Considered ............ 22

    H.  Defendants Improperly Conflate the Standard for Dismissal Under Fed. R. Civ. P 56 with Fed. R. Civ. P. 12(b)(6) ............................................ 23

    I.  Even if the Complaint is Somehow Insufficient, the Court Should Grant Leave to Amend .......................................................................................... 23

        1.  Granting leave to amend is the proper remedy for insufficient pleadings ........... 23

        2.  No court holds that dismissal with prejudice is appropriate in these circumstances .................................................................................. 24

V.  CONCLUSION .......................................................................................................... 25

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

# TABLE OF AUTHORITIES

**CASES**

*Alvarez v. Hill,*
    518 F.3d 1152 (9th Cir. 2008)................................................................... *15*

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..............................................................................*6, 24*

*Atherton v. Dist. of Columbia Office of the Mayor,*
    567 F.3d 672 (D.C. Cir. 2009)................................................................ *7, 8*

*Awana v. Port of Seattle,*
    121 Wn.App. 429, 89 P.3d 291 (2004) ................................................*11, 12*

*Balderas v. Countrywide Bank, N.A,*
    664 F.3d 787 (9th Cir. 2011)................................................................*6, 15*

*Becerra v. Expert Janitorial, LLC,*
    176 Wn.App. 694, 309 P.3d 711 (2013) ................................................... *9*

*Becker v. Community Health Systems, Inc.,*
    184 Wn.2d 252, 359 P.3d 746 (2015) ..................................................... *13*

*Bell Atlantic Corp. v. Twombly.,*
    550 U.S. 544 (2007)................................................................................ *6*

*Bonnette v. California Health and Welfare Agency.,*
    704 F.2d 1465 (9th Cir. 1983).................................................................. *9*

*Brown v. Scott Paper Worldwide Co.,̦,*
    143 Wn.2d 349, 20 P.3d 921 (2001) ..................................................... *11*

*Bylsma v. Burger King Corp,*
    176 Wn.2d 555, 293 P.3d 1168 (2013) ................................................. *20*

*Caruso v. Local Union No. 690,*
    107 Wn.2d 524, 530-31, 730 P.2d 1299 (1987)...................................... *19*

*Castello v. City of Seattle,*
    No. C10-1457 MJP, 2011 WL 633038 (W.D. Wash. Dec. 19, 2011)................... *18*

*Chea v. Men's Wearhouse, Inc.,*
    85 Wn.App. 405, 932 P.2d 1261 (1997) ................................................ *21*

**HKM Employment Attorneys LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

(2:16-cv-00727-JCC)

*Consulting Overseas Management, Ltd v. Shtikel*,
105 Wn.App. 80, 18 P.3d 1144 (2001) ................................................................... *11*

*Cooney v. Rossiter*,
583 F.3d 967 (7th Cir. 2009) .................................................................................. *7*

*Danny v. Laidlaw Transit Services, Inc*,
165 Wn.2d 200, 193 P.3d 128 (2008) .................................................................... *11*

*Dicomes v. State*,
113 Wn.2d 612, 782 P.2d 1002 (1989) ............................................................*19, 20*

*Doe v. Gonzaga University*,
143 Wn.2d 687, 24 P.3d 390 (2001) ...................................................................... *18*

*Doe v. U.S.*,
58 F.3d 494 (9th Cir. 1995) .................................................................................... *24*

*Eastwood v. Horse Harbor Found., Inc.*,
170 Wn.2d 380, 241 P.3d 1256 (2010) .................................................................. *11*

*Eitel v. McCool.*,
782 F.2d 1470 (9th Cir. 1986) ................................................................................. *6*

*Erickson v. Pardus*,
551 U.S. 89 (2007) ............................................................................................ *6, 8*

*Flowers v. Carville.*,
310 F.3d 1118 (9th Cir. 2002) ................................................................................ *17*

*Gardener v. Loomis Armored Inc.*,
128 Wn.2d 931, 913 P.2d 377 (1996) .................................................................... *13*

*Gompper v. VISX, Inc*,
298 F.3d 893 (9th Cir. 2002) .................................................................................. *24*

*Grimsby v. Samson*,
85 Wn.2d 52, 530 P.2d 291 (1975) ........................................................................ *19*

*Hopper v. City of Pasco*,
241 F.3d 1067 (9th Cir. 2001) ................................................................................ *23*

*Haubry v. Snow*,
106 Wn.App. 666, 31 P.3d 1186 (2001) ................................................................ *21*

*Hunsley v. Giard*,
87 Wn.2d 424, 433, 553 P.2d 1096 (1976) ............................................................ *20*

*Iqbal v. Ashcroft*,
574 F.3d 820 (D.C. Cir. 2009) ............................................................................... *24*

(2:16-cv-00727-JCC)

**HKM Employment Attorneys LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

*King v. City of Seattle*,
    84 Wn.2d 239, 525 P.2d 228 (1974) .................................................................................. 21

*Kloepful v. Bokor*,
    149 Wn.2d 192, 66 P.3d 630 (2003) .................................................................................. 19

*Landers v. Quality Communications, Inc.*,
    771 F.3d 638 (9th Cir. 2014) .................................................................................. *15, 16*

*Lawson v. Boeing Co.*,
    58 Wn. App. 261, 792 P.2d 545 (1990) ............................................................................. 18

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) .......................................................................................... 22

*MacDonald v. Grace Church Seattle*,
    No. C05-0747C, 2006 WL 1009283 (W.D. Wash. Apr. 14, 2006) ....................................... 12

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) .......................................................................................... 22

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) ........................................................................................ 23

*Messerly v. Asameria Minerals Inc.*,
    55 Wn. App. 811, 780 P.2d 1327 (1989) ........................................................................... 18

*Morley v. Walker*,
    153 Wn.2d 812, 108 P.3d 768 (2005) ............................................................................... 23

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ............................................................................................ 7

*Nixon v. Franciscan Health System*,
    Case No. C11-5076BHS, 2011 WL 1772587 (W.D. Wash. May 10, 2011) ........................... 17

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) .......................................................................................... 24

*Polich v. Burlington Northern, Inc.*,
    942 F.2d 1467 (9th Cir. 1991) ........................................................................................ 24

*Reid v. Pierce County*,
    136 Wn.2d 195, 961 P.2d 333 (1998) ............................................................................... 19

*Renz v. Spokane Eye Clinic, P.S.*,
    114 Wn.App. 611, 60 P.3d 106 (2002) ............................................................................. 14

*Rice v. Offshore Systems, Inc.*,
    167 Wn.App. 77, 272 P.3d 865 (2012) ............................................................................. 14

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

*Rickman v. Premera Blue Cross*,
184 Wn.2d 300, 358 P.3d 1153 (2015) ................................................................... *14*

*Rose v. Anderson Hay and Grain Co.*,
184 Wn.2d 268, 358 P.3d 1139 (2015) ................................................................... *13*

*Serra v. Lappin*,
600 F.3d 1191 (9th Cir. 2010) ............................................................................... *23*

*Smith v. Bates Technical College*,
139 Wn.2d 793, 991 P.2d 1135 (2000) ................................................................. *10*

*Snyder v. Med. Serv. Corp. of E. Wash.*,
145 Wn.2d 233, 35 P.3d 1158 (2001) ..............................................................*20, 21*

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ................................................................................. *7*

*Twombly v. Bell Atlantic Corp.*,
313 F.Supp.2d 174, 176 (S.D.N.Y. 2003) ...................................................*6, 7, 8, 24*

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ................................................................................. *22*

*Wilmot v. Kaiser Aluminum & Chem. Corp.*,
118 Wn.2d 46, 821 P.2d 18 (1991) ....................................................................... *11*

*Wright v. N. Am. Terrazo.*,
No. C12-2065JLR, 2013 WL 441517 (W.D. Wash. Feb. 5, 2013) ........................ *16*

**STATUTES**

Fair Labor Standards Act,
29 U.S.C. §201 *et seq*................................................................................*9, 15*

Fair Labor Standards Act,
29 U.S.C. §203(d) ................................................................................................... *9*

Fair Labor Standards Act,
29 U.S.C. §207........................................................................................................ *15*

Title VII of the Civil Rights Act,
42 U.S.C. §2000e..................................................................................................... *9*

Washington Family Medical Leave Act,
Wash Rev. Code §49.78.020................................................................................... *9*

Washington Law Against Discrimination,
Wash Rev. Code § 49.60.040 ................................................................................. *8*

Washington Minimum Wage Act,
Wash Rev. Code §49.46.010................................................................................... *9*

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

Washington Wage Payment Act,
     Wash Rev. Code §49.52.050 ................................................................................................. *16*

## OTHER AUTHORITIES

29 C.F.R. § 825.104. ............................................................................................................... *9*

6 Moore's Federal Practice. ...................................................................................................... *6*

Fed. R. Civ. P. 12(b)(6) ................................................................................*6, 15, 17, 22, 23*

Fed. R. Civ. P. 56. ................................................................................................................. *23*

Fed. R. Civ. P. 8. .................................................................................................................... *6*

Fed. R. Evid. 201. ................................................................................................................. *22*

Henry H. Perritt, Jr., Workplace Torts: Rights and Liabilities § 3.7 (1991) ...................... *13*

Restatement (Second) of Torts § 46 (1965). ......................................................................... *19*

Restatement (Third) of Agency § 7.01 (2006). ..................................................................... *11*

**HKM Employment Attorneys LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

(2:16-cv-00727-JCC)

THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YVETTE BAILEY,

              Plaintiff,

vs.

ALPHA TECHNOLOGIES INCORPORATED,
a Washington corporation; ALTAIR
ADVANCED INDUSTRIES, INC., a
Washington corporation; ABC, Inc. 1-10,
defendant corporation(s) whose name(s) is/are
unknown; FREDERICK KAISER and "JANE
DOE" KAISER, and the marital community
comprised thereof; and GRACE BORSARI and
"JOHN DOE" BORSARI, and the marital
community comprised thereof,

              Defendants.

NO. 2:16-cv-00727-JCC

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO
DISMISS CLAIMS PURSUANT
TO FED. R. CIV. P 12(b)(6) AND,
IN THE ALTERNATIVE,
PLAINTIFF'S REQUEST FOR
LEAVE TO AMEND THE
COMPLAINT PURSUANT TO
FED. R. CIV. P 15**

**NOTED: July 8, 2016**

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

# I.  INTRODUCTION AND RELIEF REQUESTED

Plaintiff's complaint need only contain enough facts for the Court to draw reasonable inferences that the Defendants are liable for the misconduct alleged. The Supreme Court, Ninth Circuit, and Washington courts have all explained and reasoned that this simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. Defendants' motion, though, disregards this well-settled standard.

Plaintiff served the Defendants, Grace Borsari ("Borsari"), Frederick Kaiser ("Kaiser"), Alpha Technologies, Inc. ("Alpha"), and Altair Industries, Inc. ("Altair" formally G.B. Enterprises, Inc.) loyally for 26 years. During this time, in 2004, Alpha and G.B. Enterprises, Inc. were fined $37.5M by this Court for tax fraud. In 2015, Plaintiff discovered invoicing changes that she suspected could be illegal. In an effort to prevent Defendants from again running afoul of the Internal Revenue Service, she reported the invoicing changes to Kaiser and Borsari. Soon thereafter, Plaintiff was fired on false and malicious grounds, i.e., Kaiser and Borsari told Plaintiff she was terminated because they heard fourth-hand that her husband asked a hotel bartender where he could purchase drugs. These facts alone are enough to satisfy the notice pleading standard for wrongful termination in violation of public policy. Although Plaintiff's complaint contains substantially more supporting facts.

Similarly, the Plaintiff has pleaded ample facts that her other claims of Willful Withholding of Wages, Defamation, and Negligent and Intentional Infliction of Emotion Distress, are all facially plausible. Plaintiff purchased components for the Defendants. No one reported to

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 1
(2:16-cv-00727-JCC)

**HKM Employment Attorneys LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

the Plaintiff and Plaintiff reported only to Borsari and/or Kaiser. Plaintiff worked at Defendants' Bellingham headquarters during the day and spent her evenings at home on the telephone with Chinese component manufacturers. Defendants, though, misclassified her as exempt and intentionally failed to pay her for the overtime hours she worked.

Defendants also defamed Plaintiff. First, they recklessly associated her with drug use. Based on multi-level hearsay, the Defendants accused Plaintiff's husband of being a drug user and implicated the Plaintiff in his alleged drug use. Then, the Defendants told Plaintiff's coworkers that she was terminated because she was a "security threat," thereby accusing her of a multitude of bad acts from terrorism to betrayal.

To cover up their tax evasion, the Defendants terminated the Plaintiff in the cruelest of fashions. After 26 years of dedicated service, she was mercilessly disposed of. They gave her nothing. Not a dollar of severance. Rather, they leveled specious and spurious allegations against Plaintiff, which had a devastating emotional impact on her.

The Defendants' motion disregards these facts and the plethora of other facts in the Plaintiff's extensive complaint. Instead, Defendants allege their own facts while brazenly, and falsely, attributing them to the Plaintiff's complaint. Then, Defendants erroneously contend that the Plaintiff must argue sufficient facts to satisfy each element of her claims. Plaintiff, therefore, respectfully requests that the Court deny the Defendants' motion in its entirety.

On a motion to dismiss, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment, which is certainly not the case here. Accordingly, if, in the unlikely event the Court decides Plaintiff has not pled

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 2
(2:16-cv-00727-JCC)

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

enough facts regarding any of her claims, it should permit the Plaintiff to amend her complaint. The Defendants even tacitly agree with this because they have not requested the Court to dismiss the Plaintiff's claims with prejudice.

## II.     STATEMENT OF FACTS

### A.     The Court Should Only Consider All the Facts Alleged in Plaintiff's Complaint.

Plaintiff was a dedicated employee for 26 years. *Complaint, ¶* 4.1. She purchased components from China for use by Altair Advanced Industries, Inc. ("Altair"), which is wholly owned by Grace Borsari ("Borsari"). *Id. ¶* 2.5, 4.6. Alpha Technologies, Inc. ("Alpha), which is wholly owned by Frederick Kaiser ("Kaiser"), sold the products manufactured by Altair. *Id,* ¶¶2.4, 4.4. Throughout her employment, no one reported to the Plaintiff and Kaiser and/or Borsari directed her work for the benefit of Alpha and Altair. *Id.* ¶ 4.9.

Plaintiff effectively reported to Kaiser and Borsari that the Defendants were engaged in tax evasion through transfer mispricing. *Complaint, ¶¶* 4.6-8, 4.13. The Defendants used CPA Peter Turnquist in the Bahamas to accomplish their tax fraud. *Id. ¶* 4.12. In a feigned effort to cease transfer mispricing, Kaiser insisted that Plaintiff travel to the Bahamas with him to meet up with Turnquist. *Id. ¶* 4.14-15. Kaiser insisted that the Plaintiff take her husband with her even though she did not want him to go because of his medical issues. When entering the Bahamas, Kaiser instructed the Plaintiff to inform customs that she and her husband were vacationing. *Id. ¶* 4.16.

While in the Bahamas, Plaintiff made changes to the component price list, which could easily have been accomplished from Bellingham. *Id. ¶¶* 4.15-16. At no point while at their hotel in the

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 3
(2:16-cv-00727-JCC)

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

Bahamas, did the Plaintiff or her husband make inappropriate remarks or seek information on where to buy illegal drugs. *Id.* ¶ 4.17.

On Wednesday, Plaintiff met with Kaiser and Borsari. *Complaint.* ¶ 4.18. Kaiser told the Plaintiff she was terminated because her husband tried to buy drugs from the hotel bartender in the Bahamas. *Id.* Kaiser said Turnquist was told by someone, who was told by someone, who was told by the bartender. Plaintiff said the accusation was false and Kaiser responded "you're married to him so it's at your doorstep." Plaintiff said to Borsari "and you believe this, after 26 years" and she responded "I guess." *Id.* It was later reported to Plaintiff that Kaiser informed employees that Plaintiff was terminated because she was a "security threat." *Id.* ¶ 4.20.

## B.    The Court Should Strike or Disregard New Facts Alleged by the Defendants.

The Court should strike the facts alleged by the Defendants, which they have tried to sneak in through intentionally mis-citing the Plaintiff's complaint by using "*id.*" For example, none of the following alleged facts are in the Plaintiff's complaint:

1. Plaintiff was a senior international buyer. *Defs' Motion,* p.1:17;

2. Plaintiff worked for Alpha. *Defs' Motion,* p.1:17;

3. Peter Turnquest "is a prominent public figure in the Bahamas...and an important Alpha business partner." *Defs' Motion,* p.1:19-21;

4. Shortly after Plaintiff's trip to the Bahamas, Turnquest reached out to Fred Kaiser, Alpha's CEO, regarding conduct by Plaintiff and her husband during the trip that had greatly upset Turnquest. The conduct at issue involved Plaintiff and her husband at a hotel bar. *Defs' Motion,* p.21-23;

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 4
(2:16-cv-00727-JCC)

**HKM Employment Attorneys LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

5. Turnquest reported to Kaiser that after Plaintiff told people at the bar that she was in the Bahamas to meet with Turnquest on business – her husband had asked the hotel bartender where he could buy drugs. Because Turnquest is prominent local figure, he feared that Plaintiff's conduct would damage his reputation. That concern was heightened because the incident had been relayed to multiple people before reaching Turnquist's attention. *Defs' Motion,* pp.1-2:24-4;

6. Kaiser believed that Plaintiff's conduct reflected poorly on Alpha, had potentially damaged Alpha's relationship with a business partner, and demonstrated an unacceptable lack of discretion and judgment by Plaintiff. *Defs' Motion,* p.2:6-8;

7. Kaiser also explained that the matter had damaged Alpha's relationship with Turnquest and Kaiser's understanding was that Turnquest did not want to have anything further to do with Plaintiff. *Defs' Motion,* p.2:12-13;

8. Kaiser informed Plaintiff that as a result of this incident, Turnquist would not work with Plaintiff in the future. *Defs' Motion,* p.13:16-17;

9. Alpha received a report that she and her husband had attempted to purchase illegal drugs and damaged a relationship with a business partner while on a business trip to the Bahamas. *Defs' Motion,* p.20:10-12.

### III.  STATEMENT OF ISSUES

1. Does the Plaintiff's extensive complaint: 1) contain short and plain statements of her claims showing that she is entitled to the relief she seeks; and 2) allege ample facts that would allow the Court to reasonably infer that the Defendants are liable for Plaintiff's claims? **Yes.**

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 5
(2:16-cv-00727-JCC)

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

2.      If the Court were to find Plaintiff failed to properly plead some or all of her claims, should the Court grant Plaintiff leave to amend the complaint? **Yes.**

## IV.   AUTHORITY AND ARGUMENT

**A.      The Plaintiff's Complaint Satisfies Fed. R. Civ. P. 8.**

Complaints need only allege facts with sufficient specificity to notify defendants of plaintiff's claims. *Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 790 (9th Cir. 2011) (reversing dismissal). So long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds. *Id*. A complaint containing allegations that, if proven, present a winning case is not subject to dismissal under 12(b)(6), no matter how unlikely such winning outcome may appear to the district court. *Id*. at 791.

There is a strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26)). Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specific facts are unnecessary. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A complaint passes the *Twombly* plausibility test if it alleges enough facts to raise a reasonable expectation that discovery will reveal evidence of illegality, *Twombly*, 550 U.S. at 556, i.e., enough facts that the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 6
(2:16-cv-00727-JCC)

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

The Ninth Circuit addressed apparent conflicts between *Twombly* and *Iqbal* and other recent Supreme Court pleading precedent, and distilled two undisputed principles: First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

"[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-79. In other words, the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (discussing *Iqbal* and *Twombly*). For example, *Twombly* involved a claim with the complex elements of an antitrust conspiracy claim, requiring more extensive factual allegations to establish "plausibility." In contrast, few essential facts are required to plead simpler claims, such as Plaintiff's claims of wrongful termination, employee misclassification, defamation, and emotional distress.

Circuit Court decisions that have analyzed the *Iqbal* standard reveal that no revolutionary "sea change" in federal civil procedure has occurred. *See, e.g., Moss v. U.S. Secret Serv.*, 572 F.3d 962, 968 (9th Cir. 2009). After *Iqbal*, the Court of Appeals for the D.C. Circuit continues to state "'that a judge must accept as true all of the factual allegations contained in the Complaint.'" *Atherton v. Dist. of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 7
(2:16-cv-00727-JCC)

**HKM Employment Attorneys llp**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

*Erickson*, 551 U.S. at 94. "A court may not grant a motion to dismiss for failure to state a claim 'even if it strikes a savvy judge that . . . recovery is very remote and unlikely.'" *Atherton*, 567 F.3d at 681 (quoting *Twombly*, 550 U.S. at 556).

By these standards, Plaintiff has more than met her burden. Her complaint is very detailed and alleges numerous facts that if true state plausible claims of wrongful termination in violation of public policy, misclassification as exempt, defamation, and emotional distress.

The Defendants' Motion before the Court, though, attempts to impose on Plaintiff an inappropriate evidentiary burden at the pleadings stage by arguing that Plaintiff must establish each element of her claims through evidentiary support. However, the motion cites no authority for the proposition that Plaintiff must establish each element of her claim without even conducting discovery. This is because the rule is much simpler, and the complaint satisfies the "short and plain statement" requirement under Fed R. Civ. P. 8 and the decisions interpreting it. The Court should deny the Motion because the complaint as written satisfies the notice pleading standard with regard to all claims.

**B.    Plaintiff Has Alleged Enough Facts to State a Plausible Claim of Wrongful Termination in Violation of Public Policy.**

1.    <u>Plaintiff was employed by all four Defendants</u>.

Nearly all federal and state laws confirm that Borsari, Kaiser, Altair, and Alpha were Plaintiff's employer. RCW 49.60.040(11) states in relevant part, an "employer includes any person acting in the interest of an employer, directly or indirectly…" Employer "includes any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." RCW

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 8
(2:16-cv-00727-JCC)

**HKM Employment Attorneys llp**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

49.46.010(4). Title VII of the Civil Rights Act states in relevant part, "employer means a person…and any agent of such a person. 42 U.S.C. §2000(e).

The Fair Labor Standards Act defines an employer to include "any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. §203(d). The state law analogue, the Washington Minimum Wage Act, also states in relevant part that an employer "includes any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." RCW 49.46.010(4). The definition of 'employer' under the FLSA is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Becerra v. Expert Janitorial, LLC*, 176 Wn.App. 694, 704 n.18, 309 P.3d 711 (2013) (*citing Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983)).

Even the regulations accompanying the Family Medical Leave Act refer to the definitions outlined in the FLSA as follows: "An employer includes any person who acts directly or indirectly in the interest of an employer to any of the employer's employees. 29 C.F.R. §825.104 (referring itself to the definition of employer in section 3(d) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(d)). The Washington Family Medical Leave Act also defines an employer as "[a]ny person, firm, corporation, partnership, business trust, legal representative, or other business entity which engages in any business, industry, profession, or activity in this state." RCW 49.78.020(5). Significantly, Defendants' motion fails to mention any of these many statutory definitions.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 9
(2:16-cv-00727-JCC)

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

When applying these statutory definitions to the facts alleged in Plaintiff's complaint, Plaintiff has satisfied her burden that all of the Defendants were her employer. The Court must take as true that Borsari and Kaiser directed the Plaintiff at all times; Plaintiff reported to no one else and only these two people. Borsari and Kaiser directed Plaintiff to purchase components for Altair to manufacture products to be sold by Alpha. Borsari and/or Kaiser directed Plaintiff regarding invoicing and Turnquist regarding transfer mispricing. When Plaintiff discovered what amounted to tax evasion, Borsari and Kaiser were on the conference call with Plaintiff and Turnquist. At the termination meeting, Kaiser related the decision and Borsari verbally agreed. These, with the other "whole picture" facts in the complaint, make it reasonable for the Court to infer that Borsari and Kaiser were acting directly or indirectly in the interest of Alpha and Altair in relation to Plaintiff. Further, Borsari and Kaiser are owners/officers/agents of Altair and Alpha.

Defendants completely ignore the facts in the Plaintiff's complaint and ask the Court to believe their new facts. For example, although the Plaintiff's complaint states that she purchased components for Altair and Borsari, the Defendants say that Plaintiff was employed by Alpha. Further, Plaintiff's facts section has 21 paragraphs and spans 7 pages, yet the Defendants argue that Plaintiff is relying only on paragraph 4.21 to support her assertion that all of the Defendants were her employer. The Court must reject the Defendants' illegitimate strategy and take all of the facts alleged by the Plaintiff as true.

The Washington Supreme Court has recognized that supervisory personnel can be sued under the theory of wrongful discharge. *Smith v. Bates Technical College*, 139 Wn.2d 793, 799, 991 P.2d 1135 (2000). A claim for a wrongful discharge in violation of public policy is an

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

intentional tort. *Danny v. Laidlaw Transit Services, Inc.*, 165 Wn.2d 200, 230-231, 193 P.3d 128

(2008) (*citing Wilmot v. Kaiser Aluminum & Chem. Corp.*, 118 Wn.2d 46, 74, 821 P.2d 18

(1991). Other than piercing the corporate veil, corporate officers may face personal liability for

tortious conduct. *Consulting Overseas Management, Ltd v. Shtikel*, 105 Wn.App. 80, 84, 18 P.3d

1144 (2001). The Washington Supreme Court have imposed personal liability on officers actively

participating and assisting the agent's principal in the tort. *Consulting Overseas Management*, 105

Wn.App. at 84. An employee or agent is personally liable to a third party injured by his or her

tortious conduct, even if that conduct occurs within the scope of employment or agency.

*Eastwood v. Horse Harbor Found., Inc.*, 170 Wash.2d 380, 400, 241 P.3d 1256 (2010);

Restatement (Third) of Agency § 7.01 (2006). Additionally, in the statutory employment

discrimination context, it is well-settled that supervisors can be held individually liable for their

discriminatory conduct. *Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 361, 20 P.3d 921

(2001). Accordingly, Kaiser and Borsari are not only liable to Plaintiff as her employers, but also

as supervisors, agents, and corporate officers.

Defendants' reliance on *Awana v. Port of Seattle*, 121 Wn.App. 429, 433, 89 P.3d 291

(2004) is misplaced and misguided and easily distinguished from this case. *Awana* involved a

Plaintiff who was an employee of a contractor hired by the Port of Seattle. The Court properly

dismissed claims against the Port reasoning that the Port was not a proper employer because the

hiring and firing authority laid with the contractor. Unlike *Awana*, here, there is no contractor-

subcontractor relationship. Altair and Alpha both employed Plaintiff because she performed

duties for both companies at the direction of their owners, Borsari and Kaiser. Further, unlike

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 11
(2:16-cv-00727-JCC)

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

*Awana,* here all four Defendants qualify as employers pursuant to multiple federal and Washington state statutes.

Defendants' reliance on *MacDonald v. Grace Church Seattle*. No. C05-0747C, 2006 WL 1009283, at *2 (W.D. Wash. Apr. 14, 2006) (Coughenour, J.) is equally misplaced, misguided, and distinguishable from this case. The Court in *MacDonald*, relying on the *Awana* decision emphasized the "importance of a party's control over the employment of the complaining worker. *MacDonald*, at *2 (*citing Awana v. Port of Seattle*, 89 P.3d at 293). In *MacDonald*, Defendant Grace Church Seattle – while having affiliations and "support" from the Defendant entities PNWP and PCA – was the only entity with direct control over MacDonald's employment terms and conditions. Hence, PNWP and PCA were not proper employers. This holding is consistent with Plaintiff's position that all four of the Defendants were Plaintiff's employer because Kaiser and Borsari had at all times direct control over her employment terms and conditions. One last point for the Court to take into consideration is that both *Awana* and *McDonald* involved motions for summary judgment and not motions to dismiss.

2.   <u>Defendants wrongfully terminated Plaintiff's employment</u>.

The Washington Supreme Court has recognized the wrongful discharge in violation of public policy tort generally in four different situations: (1) where employees are fired for refusing to commit an illegal act; (2) where employees are fired for performing a public duty or obligation, such as serving jury duty; (3) where employees are fired for exercising a legal right or privilege, such as filing workers' compensation claims; and (4) where employees are fired in retaliation for

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 12
(2:16-cv-00727-JCC)

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

reporting employer misconduct *Becker v. Community Health Systems, Inc.*, 184 Wn.2d 252, 258-259 (2015)(citing *Gardener v. Loomis Armored Inc.*, 128 Wn.2d 931, 936, 913 P.2d 377 (1996)).

Plaintiff's claim against Defendants for wrongful discharge falls squarely into the fourth situation – she was fired in retaliation for reporting another elaborate and clandestine attempt by the Defendants to commit tax fraud; the same offense Defendants were penalized for in 2004 by this very Court. Plaintiff's complaint lays out many facts, which when taken as true support a claim for wrongful termination that is facially plausible, e.g. 1) when Plaintiff reported the tax fraud to Kaiser, he immediately instructed Plaintiff not to put anything in writing; 2) Plaintiff was forced to take an unnecessary trip to the Bahamas and lie to officials about the reason for the visit; and 3) Plaintiff was terminated for multiple reasons each as ridiculous as the other (which supports a finding of pretext).

Assuming arguendo that Plaintiff's claim against Defendants does not properly fit into the fourth situation, the four-factor analysis yields the same result. In order for Ms. Bailey to prevail on her claim she would need to prove the following elements: 1) the existence of a "clear public policy" (clarity element), (2) whether "discouraging the conduct in which [the employee] engaged would jeopardize the public policy" (jeopardy element), (3) whether the "public-policy-linked conduct caused the dismissal" (causation element), and (4) whether the employer is "able to offer an overriding justification for the dismissal" (absence of justification element). *Becker v. Community Health Systems, Inc.*, 184 Wn.2d 252, 259 n.3, 359 P.3d 746 (2015) (*citing* Henry H. Perritt, Jr., Workplace Torts: Rights and Liabilities § 3.7 (1991)). *Rose v. Anderson Hay and*

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 13
(2:16-cv-00727-JCC)

**HKM E**MPLOYMENT **A**TTORNEYS **LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

*Grain Co.*, 184 Wn.2d 268, 277, 358 P.3d 1139 (2015); and *Rickman v. Premera Blue Cross*, 184 Wn.2d 300, 358 P.3d 1153 (2015).

Plaintiff's complaint alleges many facts that satisfy the Plaintiff's burden here. For example, first, it is unquestionable that there is a clear public policy against the commission of tax fraud. *Complaint.* ¶4.5 ("Alpha Technologies, Inc. and G.B. Enterprises pled guilty to tax fraud."). Second, discouraging Ms. Bailey and other employees from reporting tax fraud would jeopardize this important and serious public policy. *Id.* ¶4.13 ("Plaintiff hoped that by reporting this potential tax fraud to Mr. Kaiser that he would take steps to remedy the situation and make the Defendants tax compliant"). Third, reporting this conduct caused Ms. Bailey' dismissal, i.e. shortly after reporting tax fraud she was terminated. *Id.* ¶4.19 ("Mr. Kaiser told Plaintiff she was terminated"). Fourth, Defendants gave no overriding justification for Plaintiff's termination. *Id.* ¶¶ 4.18-19. Defendants' varying reasons are nonsensical, e.g. "Mr. Kaiser said Mr. Turnquist was told by someone, who was told by someone, who was told by the bartender." Further, multiple reasons for termination is evidence of pretext. *Rice v. Offshore Systems, Inc.* 167 Wn.App. 77, 91, 272 P.3d 865 (2012) (citing *Renz v. Spokane Eye Clinic, P.S.*, 114 Wn.App. 611, 624, 60 P.3d 106 (2002) (Evidence indicating that the employer offered multiple, incompatible reasons or inconsistent reasons for the adverse action and rebutting the accuracy or believability of the employer's reasons is sufficient to create competing inferences.)).

Accordingly, Plaintiff has pleaded sufficient facts that would allow the Court to draw a reasonable inference that she is entitled to relief for being wrongfully terminated. Even if, however, the Court is skeptical, it's skepticism is best reserved for later stages of the proceedings

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 14
(2:16-cv-00727-JCC)

**HKM Employment Attorneys llp**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

when the plaintiff's case can be rejected on evidentiary grounds. *Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 790 (9th Cir. 2011) ("[a]nd the time for presenting evidence has not yet arrived"); *see also Alvarez v. Hill*, 518 F.3d 1152, 1157-1158 (9th Cir. 2008) ("this simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."). A complaint containing allegations that, if proven, present a winning case is not subject to dismissal under 12(b)(6), no matter how unlikely such winning outcome may appear to the district court. *Balderas*, 664 F.3d at 791.

**C.** **Plaintiff Has Alleged Enough Facts to State a Plausible Claim of Failure to Pay Wages in Violation of Federal and Washington State Wage Laws.**

Under both the Minimum Wage Act ("MWA") and the Fair Labor Standards Act ("FLSA"), employers must pay non-exempt employees at a rate of one and one-half times the employee's regular rate for hours worked in excess of forty hours per week. RCW 49.46.120; 29 U.S.C. §207.

In *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014) the Court held that a plaintiff may establish a plausible wage claim several ways: by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, *or any other facts that will permit the court to find plausibility* (Emphasis Added). *Id*. at 644-45. Notably, though, the Court declined to make the approximation of overtime hours as the essential component in determining whether an FLSA claim was plausible by reasoning that, "[a]fter all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants."

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 15
(2:16-cv-00727-JCC)

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

*Id.* at 645. This holding makes perfect sense. Here the Plaintiff does not have detailed information regarding her compensation. This is information she will obtain through discovery.

*Landers* is factually distinguishable from the instant case.[1] There, the complaint made general allegations asserting violations. For example, the complaint alleged that Plaintiff was entitled to a minimum wage and an overtime hourly wage of one-half his regular hourly wage for all hours worked in excess of forty hours per week. *Landers*, 771 F.3d at 646. Notably absent was any detail regarding a given workweek or that Landers had worked in excess of forty hours. *Id.*

Here, Plaintiff worked at the Bellingham office during the day and from home at night. Plaintiff spent hours on the telephone every evening. She was on-call 24/7. Plaintiff even worked on Christmas Day. *Complaint.* ¶4.9.  These facts allow the Court to reasonably draw the inference that she consistently and constantly worked in excess of forty hours a week. While Plaintiff did not specifically say she worked in excess of 40 hours per week, suffice to say if she worked at the Defendants' Bellingham headquarters all day and then spent the evening purchasing components from China she must have worked in excess of 8 hours a day and 40 hours per week. Certainly, these facts will permit the Court to find plausibility.

RCW 49.52.050 provides that employers may not willfully and with intent deprive the employee any part of his or her wages. Here, the Defendants admit that they classified the Plaintiff as exempt and directed her to work in excess of 40 hours per week. Thereby, the

---

[1] Defendants provide a long string cite of cases in which claims for overtime were dismissed. *See Defs' Motion* at 17, n.5. All these cases are wholly inapplicable here as most of the alleged facts at issue contained bare conclusory allegations. *See e.g. Wright v. N. Am. Terrazo*, No. C12-2065JLR, 2013 WL 441517, at *3 (W.D. Wash. Feb 5, 2013 (Robart, J) ("Mr. Wright's only fact was that he was "unreasonably den[ied] overtime pay.")

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

Defendants intentionally and willfully failed to pay Plaintiff's overtime wages. *Complaint* ¶¶ 1.3, 4.9, 4.10.

**D.**     **Plaintiff Has Alleged Enough Facts to State a Plausible Claim of Defamation.**

The Ninth Circuit has held that a defamation claim satisfies the pleading standards of Rule 8 where the allegations identify the substance of the allegedly defamatory statements and the time and place in which they were made. *See Flowers v. Carville*, 310 F.3d 1118, 1131 (9th Cir. 2002) (plaintiff stated sufficient defamation claim where complaint "list [ed] the precise statements alleged to be false and defamatory, who made them and when."); *see also Nixon v. Franciscan Health System*, Case No. C11-5076BHS, 2011 WL 1772587 (W.D. Wash. May 10, 2011) (Settle, J) (denying 12(b)(6) dismissal of defamation counterclaim).

Plaintiff's complaint states that at her termination on Wednesday, August 26, 2015, Kaiser and Borsari falsely accused the Plaintiff's husband of trying to purchase drugs at the hotel bar while he accompanied her on a business trip. When Plaintiff disputed the false allegation Kaiser added, "You're married to him so it's at your doorstep." When Plaintiff asked Borsari if she agreed with the allegation, Borsari responded, "I guess so." Thus, Defendants accused the Plaintiff of being a drug user or of being married to/associated with a drug user. Defendants effectively accused Plaintiff of using drugs along with her husband or acquiescing to his drug use. Defendants' false allegation is undoubtedly defamatory.

Further, soon after Plaintiff's termination, Plaintiff was informed that Kaiser, in his capacity as sole owner and CEO of Alpha falsely informed employees that Plaintiff was terminated because she was a "security threat." Kaiser did not say Plaintiff was terminated

because she and/or her husband tried to purchase drugs on a business trip. Kaiser's statement illustrates an intent to up the ante and accuse the Plaintiff of more sinister, damaging, illegal, and harmful conduct. Effectively, Kaiser accused the Plaintiff of a multitude of crimes under the umbrella of "security threat."

As the sole owner and CEO of Alpha, Kaiser speaks on its behalf. Similarly, as the sole owner and CEO of Altair, Borsari speaks on its behalf. Any argument otherwise belies not only reason, but, more importantly, the law. The defamatory statements made by Kaiser and Borsari were, therefore, also made by Alpha and Altair. Accordingly, these facts satisfy the pleading standards of Rule 8 for a defamation claim and an inference could be made that all Defendants were at fault.

Defendants also have no qualified or conditional privilege that in any way reflects the privileges set forth in the cases they cite. *See Messerly v. Asameria Minerals Inc.*, 55 Wn. App. 811 (1989) (privilege existed as company had interest in deterring drug use in the company); *Lawson v. Boeing Co.*, 58 Wn. App. 261, 266, 792 P.2d 545 (1990) (privilege existed as company had interest in deterring sexual harassment); *Castello v. City of Seattle*, No. C10-1457 MJP, 2011 WL 633038 at *3 (W.D. Wash. Dec. 19, 2011) (Pechman, J.) (privilege existed as statements were communicated to public officer and made during investigation). Here, Defendants did not issue a memorandum to employees saying Plaintiff was terminated for trying to buy drugs, so their statement was not to deter employees from drug use.

While *Doe v. Gonzaga University*, 143 Wn.2d 687, 24 P.3d 390 (2001) stands for the proposition that a qualified privilege may exist between co-employees, that privilege may also be

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 18
(2:16-cv-00727-JCC)

**HKM Employment Attorneys LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

lost if the employees are not acting in the ordinary course of their work. *Doe*, 143 Wn. at 703.

Further, the privilege may also be lost by showing that the defendant made the statement with

actual malice. *Id.* (*citing Caruso v. Local Union No. 690*, 107 Wn.2d 524, 530-31, 730 P.2d 1299

(1987)). Here, Defendants' statements were not between co-workers and were malicious. As

employers, Defendants first terminated her for alleged drug use. Then, as employers, they

informed employees that Plaintiff was a security threat," thereby implicating her in sinister,

damaging, illegal, and harmful conduct.

Hence, Plaintiff's defamation claim satisfies the pleading standards of Rule 8 because her

allegations identify the substance of the allegedly defamatory statements and the time and place in

which they were made.

**E.** **Plaintiff Has Alleged Enough Facts to State a Plausible Claim of Intentional Infliction of Emotional Distress.**

The Washington State Supreme Court has held that in order to state a claim for intentional

infliction of emotional distress, plaintiff must allege (1) that defendant engaged in extreme and

outrageous conduct, (2) that it intentionally or recklessly inflicted emotional distress, and (3) that

plaintiff suffered severe emotional distress as a result of defendant's conduct. *Kloepful v. Bokor*,

149 Wn.2d 192, 195, 66 P.3d 630 (2003) (*citing Reid v. Pierce County*, 136 Wash.2d 195, 202,

961 P.2d 333 (1998)). These elements were adopted by the Washington Supreme Court from the

Restatement (Second) of Torts § 46 (1965) in *Grimsby v. Samson*, 85 Wn.2d 52, 59-60, 530 P.2d

291 (1975).

In *Dicomes v. State.*, 113 Wn.2d 612, 782 P.2d 1002 (1989) the "outrageous" conduct

alleged involved a privately delivered termination letter and responding to media inquiries. While

**HKM Employment Attorneys LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

a discharge itself is not sufficient to support a claim for intentional infliction of emotional distress, the *Dicomes* Court further held that "[i]t is the manner in which a discharge is accomplished that might constitute outrageous conduct." *Dicomes*, 113 Wn.2d at 630.

Unlike *Dicomes,* Plaintiff was the victim of an outrageous discharge. After 26 years of dedicated service, Plaintiff was kicked to the curb because she reported Defendants' illegal tax evasion. To cover their fraud, in firing Plaintiff they recklessly made false and deceitful statements about her being a drug user, or being associated with a drug user, and a security threat. Defendants' actions devastated the Plaintiff and have had a tremendous negative emotional impact on her life. These facts, considered along with other facts illustrating the lengths the Defendants went to to dispose of the Plaintiff, provide the Court with a plausible claim of intentional infliction of emotional distress.

**F.     Plaintiff Has Alleged Enough Facts to State a Plausible Claim of Negligent Infliction of Emotional Distress.**

Washington courts have allowed claims for emotional distress in the absence of physical injury where the emotional distress is within the scope of foreseeable harm of the negligent conduct. *Bylsma v. Burger King Corp.*, 176 Wn.2d 555, 561, 293 P.3d 1168 (2013) (citing *Hunsley v. Giard*, 87 Wash.2d 424, 433, 436, 553 P.2d 1096 (1976)).  Claims for negligent infliction of emotional distress are analyzed under the established concepts of duty, breach, proximate cause, and damages. *Snyder v. Med. Serv. Corp. of E. Wash.*, 145 Wn.2d 233, 243, 35 P.3d 1158 (2001).

In Washington, the scope of foreseeable harm of a given type of conduct "depends on mixed considerations of logic, common sense, justice, policy and precedent." *Bylsma v. Burger*

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 20
(2:16-cv-00727-JCC)

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

*King Corp.*, 176 Wn.2d at 561 (*citing King v. City of Seattle,* 84 Wash.2d 239, 250, 525 P.2d 228 (1974)). Washington courts have found Defendants' conduct was within the scope of foreseeable harm in numerous instances.

In *Snyder*, the Court declined to find that a cognizable negligent infliction of emotional distress reasoning that the utility of permitting employers to handle workplace disputes outweighs the risk of harm to employees who may exhibit symptoms of emotional distress. *Snyder*, 145 Wn.2d at 245 (2001). However, in narrow instances, such as here, where the conduct involves something other than a termination, a claim for negligent infliction of emotional distress can be maintained. *See Chea v. Men's Wearhouse, Inc.* 85 Wn.App. 405, 932 P.2d 1261 (1997) (involving intentional harassment and did not involve employer-related conduct).

Here, the Complaint's facts show that Defendants' engaged in a termination that exceeds one would consider a regular "workplace dispute." As the facts addressed *infra* at Section G, Defendants breached a duty of due care to Plaintiff. This is not the type of conduct even the *Snyder* Court would contemplate be covered under what an employer normally handles regarding workplace disputes.

Defendants' arguments that Plaintiff must also show that the emotional distress is "manifested by objective symptoms" and that is "susceptible to medical diagnosis and proved through medical evidence" is premature. *Defs' Motion* at 18-19 (*citing Haubry v. Snow*, 106 Wn.App. 666, 31, P.3d 1186). *Haubry* dealt with a review of summary judgment dismissal. In other words, after discovery had been completed, to survive summary judgment dismissal, at least some genuine issue of material fact related to whether the emotional distress was "manifested by

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 21
(2:16-cv-00727-JCC)

**HKM Employment Attorneys llp**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

objective symptoms" should have been presented. Based on the lack thereof, the Court granted

dismissal of this claim.

At the 12(b)(6) dismissal stage, and viewing the complaint's facts in a light most favorable

to Plaintiff, an inference could be drawn that Plaintiff's emotional distress can be manifested by

objective symptoms. She was "emotionally devastated" and constantly "worries." *Complaint*

¶4.22. These facts allow the Court to reasonably draw the inference that Plaintiff is entitled to

relief for Defendants' negligent infliction of emotional distress.

## G.     Only the Complaint's Facts and Documents Referenced Should Be Considered.

The court typically cannot consider facts beyond what is alleged in the contents of the

complaint. A court in determining the propriety of a Rule 12(b)(6) dismissal generally may not

look beyond the complaint for additional facts.[2] *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.

2006)); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Hal Roach Studios*

*Inc. v. Richard Feiner & Co.*, 896. F.2d 1542, 1555 n.19 (9th Cir. 1990). In Defendants' Motion

to Dismiss, they attempt to sneak facts before the Court that are not contained within the

complaint nor contained in documents referenced in the complaint. Plaintiff respectfully requests

the Court to disregard the new facts Defendants allege in their motion. *See Statement of Facts,*

---

[2] A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *see Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). *see also* Fed. R. Evid. 201. The parties agree that Defendants' motion to dismiss should not be converted to a motion for summary judgment, even though Defendants' argue as though their motion is a motion for summary judgment.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 22
(2:16-cv-00727-JCC)

**HKM Employment Attorneys llp**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

*infra.* Had Defendants wished to plead such facts, an opportunity was afforded to them in their answer to Plaintiff's complaint.

**H.    Defendants Improperly Conflate the Standard for Dismissal Under Fed. R. Civ. P 56 with Fed. R. Civ. P. 12(b)(6).**

A summary judgment standard is markedly different than one on a 12(b)(6) dismissal motion. *See Hopper v. City of Pasco*, 241 F.3d 1067, 1087 (9th Cir. 2001) (Summary judgment is proper only if there is no genuine issue of material fact) *compare Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999)("A dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief."). Throughout Defendants' Motion, they misapply the 12(b)(6) standard by conflating it with the Fed. R. Civ. P. 56 summary judgment standard. Defendants essentially argue that Plaintiff must show that material issues of fact exist as to each element of her claims. Plaintiff, of course, is not required to meet such a burden for the purposes of this motion.

**I.    Even if the Complaint is Somehow Insufficient, the Court Should Grant Leave to Amend.**

1. Granting leave to amend is the proper remedy for insufficient pleadings.

The Court has discretion to grant leave to amend. *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). The court should freely give leave to amend where justice so requires. Fed. R. Civ. P. 15(a)(2). On a motion to amend, the court ascertains the presence of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *Serra*, 600 F.3d 1191, 1200 (9th Cir. 2010). But on a motion to dismiss, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Maya v. Centex Corp.*, 658

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

F.3d 1060, 1072 (9th Cir. 2011) (reversing dismissal without leave to amend). This is so even if no request to amend the pleading was made. *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995) (holding dismissal without leave to amend was abuse of discretion where district court made no findings regarding futility of amendment).

    2. <u>No court holds that dismissal with prejudice is appropriate in these circumstances</u>.

    The Defendants have not cited any reasons to support dismissal with prejudice. Further, far and away the preferred practice is to allow an amended pleading. In *Iqbal* for instance, the case was remanded so the plaintiff could seek leave to amend. *Iqbal v. Ashcroft*, 574 F.3d at 822. In *Twombly*, the complaint had already been amended at least once. *Twombly*, 313 F.Supp.2d 174, 176 (S.D.N.Y. 2003), aff'd by 550 U.S. 544 (2007). The district court's decision did not specify whether dismissal was with prejudice or not, *Id*. at 189, and the Supreme Court remanded without any discussion of whether leave to amend was appropriate. *Twombly*, 550 U.S. at 570.

    Here, Defendants do not make a substantive argument as to how an amended complaint would be futile, and because of that, if the Court so desires, leave to amend should be granted with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001). As the Ninth Circuit has repeatedly stated, "'Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.'" *Gompper v. VISX, Inc*., 298 F.3d 893, 898 (9th Cir. 2002) (quoting *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991)).

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 24
(2:16-cv-00727-JCC)

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

## V. CONCLUSION

For the foregoing reasons, Ms. Bailey respectfully asks this Court to deny Defendants'

Motion to Dismiss or grant her leave to amend her complaint.

RESPECTFULLY SUBMITTED this 5th day of July, 2016.

/s/ Patrick L. McGuigan
Patrick L. McGuigan, WSBA #28897
William Kim, WSBA #46792
HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, WA 98101
Telephone: (206) 838-2504
Facsimile: (206) 260-3055
E-mail: plmcguigan@hkm.com
        wkim@hkm.com
Attorneys for Plaintiff Yvette Bailey

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 25
(2:16-cv-00727-JCC)

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

## CERTIFICATE OF SERVICE

I hereby declare that on July 5, 2016 I caused the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Kevin J. Hamilton<br>William B. Stafford<br>Tobias S. Piering<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>*Attorneys for Defendants* | ☑ Via ECF Notification<br>☐ Via Hand Delivery<br>☐ Via U.S. 1st Class Mail<br>☐ Via Facsimile<br>☐ Via Email |

DATED this 5th day of July, 2016.

/s/ Angela Tracy
Angela Tracy, Legal Assistant

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS, IN ALTERNATIVE
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 26
(2:16-cv-00727-JCC)

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504