THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YVETTE BAILEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALPHA TECHNOLOGIES INCORPORATED, a Washington corporation; ALTAIR ADVANCED INDUSTRIES, INC., a Washington corporation; ABC, INC., 1-10, defendant corporation(s) whose name(s) is/are unknown; FREDERICK KAISER and "JANE DOE" KAISER, and the marital community comprised thereof; GRACE BORSARI and "JOHN DOE" BORSARI, and the marital community comprised thereof,<br><br>　　　　　Defendants. | Case No. 2:16-cv-00727-JCC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS UNDER FRCP 12(b)(6)**<br><br>**Noted on Motion Calendar:**<br><br>**Friday, July 8, 2016**<br><br><br>ORAL ARGUMENT REQUESTED |

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC)

14236-0013/131772210.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF CONTENTS**

|    |     |                                                                                                                                                                                                                                                                      | Page |
|----|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I. |     | INTRODUCTION                                                                                                                                                                                                                                                         | 1    |
| II.|     | ARGUMENT                                                                                                                                                                                                                                                             | 1    |
|    | A.  | *Twombly/Iqbal* Describes the Pleading Standard for *All* Civil Cases Under Rule 8(a)                                                                                                                                                                                | 1    |
|    | B.  | Defendants' Motion to Dismiss Addresses Plaintiff's Inadequate Pleading, Not Her Failure to Carry an "Evidentiary Burden"                                                                                                                                            | 2    |
|    | C.  | The Wrongful Termination in Violation of Public Policy Claim Should Be Dismissed Against All Defendants Except Alpha Because the Allegation that Plaintiff Was Employed by *All* Defendants is a Conclusory Assertion Implausible on Its Face                         | 3    |
|    | D.  | Plaintiff's State and Federal Wage Claims Are Inadequately Pled                                                                                                                                                                                                      | 5    |
|    | E.  | Plaintiff Has Failed to State a Claim for Defamation                                                                                                                                                                                                                  | 7    |
|    | F.  | Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress                                                                                                                                                                                    | 10   |
|    | G.  | Plaintiff Fails to State a Claim for Negligent Infliction of Emotional Distress                                                                                                                                                                                      | 11   |
|    | H.  | Plaintiff's "Motion to Strike" Should Be Denied                                                                                                                                                                                                                      | 12   |
| III.|    | CONCLUSION                                                                                                                                                                                                                                                           | 12   |

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – i

14236-0013/131772210.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Akmal v. Tacoma Goodwill Indus.*,
  2016 WL 212964 (W.D. Wash. Jan. 19, 2016) ...................................................................... 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 1, 2

*Awana v. Port of Seattle*,
  121 Wn. App. 429 (2004) .................................................................................................... 4, 5

*Bautista v. L.A. Cty.*,
  216 F.3d 837 (9th Cir. 2000) ................................................................................................... 2

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 1, 6

*Bruns v. Nat'l Credit Union Admin.*,
  122 F.3d 1251 (9th Cir. 1997) ................................................................................................. 3

*Bylsma v. Burger King Corp.*,
  176 Wn.2d 555 (2013) ........................................................................................................... 11

*Consulting Overseas Management, Ltd. v. Shtikel*,
  105 Wn. App. 80 (2001) .......................................................................................................... 5

*Cooney v. Rossiter*,
  583 F.3d 967 (7th Cir. 2009) ................................................................................................... 2

*Cunningham v. Swedish Health Servs.*,
  2014 WL 1047183 (W.D. Wash. Mar. 17, 2014) ............................................................ 11, 12

*Dicomes v. State*,
  113 Wn.2d 612 (1989) .................................................................................................... 10, 11

*Doe v. Gonzaga Univ.*,
  143 Wn.2d 687 (2001), *rev'd on other grounds*, 536 U.S. 273 (2002) ............................. 8, 10

*Flowers v. Carville*,
  310 F.3d 1118 (9th Cir. 2002) ................................................................................................. 8

*Fromkin v. IndyMac Bank FSB*,
  2010 WL 2541167 (D. Ariz. June 18, 2010) ........................................................................... 3

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14236-0013/131772210.1

*Gordon v. Ascentive LLC*,
 2007 WL 1795334 (E.D. Wash. June 19, 2007) ................................................................. 3

*Haubry v. Snow*,
 106 Wn. App. 666 (2001) ................................................................................................. 11

*Hegel v. McMahon*,
 131 Wn.2d 122 (1998) ..................................................................................................... 11

*Landers v. Quality Communications, Inc.*,
 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015) ....................................... 5, 6, 7

*MacDonald v. Grace Church Seattle*,
 2006 WL 1009283 (W.D. Wash. Apr. 14, 2006) ........................................................... 4, 5

*Mark v. Seattle Times*,
 96 Wn.2d 473 (1981) ......................................................................................................... 9

*Messerly v. Asamera Minerals, Inc.*,
 55 Wn. App. 811 (1989) ............................................................................................... 9, 10

*Moe v. Wise*,
 97 Wn. App. 950 (1999) .................................................................................................. 10

*Moss v. U.S. Secret Service*,
 572 F.3d 962 (9th Cir. 2009) ......................................................................................... 1, 2

*Shaw v. City of Porterville*,
 2015 WL 3795026 (E.D. Cal. June 17, 2015) ................................................................... 3

*Smith v. Bates Technical College*,
 139 Wn.2d 793 (2000) ....................................................................................................... 4

*Swanson v. Liquid Air Corp.*,
 118 Wn.2d 512 (1992) ....................................................................................................... 9

*Wright v. N. Am. Terrazo*,
 2013 WL 441517 (W.D. Wash. Feb. 5, 2013) ................................................................... 6

**STATUTES**

RCW 49.60.040(11) .................................................................................................................. 4

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14236-0013/131772210.1

# TABLE OF AUTHORITIES
## (continued)

**Page**

**RULES**

Fed. R. Civ. P. 8 ............................................................................................................... 1, 3

Fed. R. Civ. P. 8(a) ........................................................................................................... 1, 2

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 2

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – iv

14236-0013/131772210.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. INTRODUCTION

Plaintiff's Complaint fails to allege facts necessary to plausibly state any claim, with the sole exception of wrongful termination against Defendant Alpha Technologies, Inc. ("Alpha"). In each case, the allegations either fail to address necessary elements of the alleged offenses, or fail to provide the quantum of factual material needed to plausibly show an entitlement to relief. As discussed below, Plaintiff's Opposition merely underscores the inadequacy of the pleading. For these reasons, the Court should grant Defendants' Motion to Dismiss.

## II. ARGUMENT

### A. *Twombly/Iqbal* Describes the Pleading Standard for *All* Civil Cases Under Rule 8(a)

Plaintiff erroneously attempts to set up a dual pleading standard (more lenient for her claims), arguing that "*Twombly* involved a claim with the complex elements of an antitrust conspiracy claim, requiring more extensive factual allegations to establish 'plausibility.' In contrast, *few essential facts are required to plead simpler claims*, such as Plaintiff's claims of wrongful termination, employee misclassification, defamation, and emotional distress." Opp. at 7 (emphasis added). Leaving aside whether Plaintiff's claims are, in fact, "simpler," the Supreme Court rejected Plaintiff's argument in *Iqbal*, emphasizing that the *Twombly/Iqbal* standard applies to "all civil actions":

> Though *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8. That Rule in turn governs the pleading standard "in all civil actions and proceedings in the United States district courts." Our decision in *Twombly* expounded the pleading standard for "all civil actions."

*Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citations omitted).

Plaintiff also cites *Moss v. U.S. Secret Service*, 572 F.3d 962, 968 (9th Cir. 2009), for the proposition that *Twombly/Iqbal* worked "no revolutionary 'sea change' in federal civil procedure." Opp. at 7. *Moss* does not support Plaintiff's argument. Rather, in *Moss* the Ninth Circuit described *Twombly* and *Iqbal* as effecting "*a significant change, with broad-reaching

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14236-0013/131772210.1

*implications*." 572 F.3d at 972 (reversing denial of motion to dismiss) (emphasis added); *see also id*. at 969 n.7 ("[T]he *Iqbal* Court made clear that *Twombly*'s 'plausibility standard' applies to pleadings in civil actions generally, rejecting the plaintiff's suggestion that the holding be limited to the antitrust context").[1]

Thus, the Court should reject Plaintiff's bid to evaluate her Complaint under a less rigorous pleading standard based on the purported "simplicity" of her claims.

**B. Defendants' Motion to Dismiss Addresses Plaintiff's Inadequate Pleading, Not Her Failure to Carry an "Evidentiary Burden"**

Plaintiff also argues that Defendants' motion to dismiss "attempts to impose on Plaintiff an inappropriate evidentiary burden at the pleading stage by arguing that Plaintiff must establish each element of her claims through evidentiary support." Opp. at 8.

This is not correct. Defendants have not attacked the Complaint for failing to attach evidence in support of Plaintiff's claims. Instead, the Motion to Dismiss properly focuses on the inadequacy of the pleading, whose naked assertions and conclusory allegations fail to plausibly "show" that Plaintiff is entitled to relief on at least six of her seven causes of action. Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint fails to do this, primarily by failing to allege facts addressing the *necessary elements* of the claims. *See id.* at 675 (in assessing the adequacy of the complaint, "we begin by taking note of the elements a plaintiff must plead to state a claim"); *Bautista v. L.A. Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) ("To comply with Rule 8 [a] plaintiff must plead a short and plain statement of the elements of his or her claim, identifying . . . the elements of the prima facie

---

[1] Plaintiff's reliance on *Cooney v. Rossiter*, 583 F.3d 967 (7th Cir. 2009), is also misplaced. While noting that assessing plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," the *Cooney* court did not adjust the pleading standard based on the "complexity" of the litigation. *Cooney* was a § 1983 action arising out of a child custody dispute, which the court viewed as "not a complex litigation." *Id*. at 971. Nevertheless, in applying *Twombly/Iqbal*, the court stated that "the plaintiff must meet a high standard of plausibility," which she failed to do. *Id*. (affirming dismissal of complaint).

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14236-0013/131772210.1

case"). Even though a court construes allegations in a "light most favorable to plaintiff," it "may not supply essential elements of the claim that were not initially pled." *Akmal v. Tacoma Goodwill Indus.*, 2016 WL 212964, at *3 (W.D. Wash. Jan. 19, 2016) (Jones, J.) (granting motion to dismiss claims, including employment discrimination/retaliation, outrage and defamation) (*quoting Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)).[2]

As shown in Defendants' Motion (and discussed further below), essential elements of Plaintiff's claims have not been pled with sufficient factual averments—or, in some cases, not addressed at all. Under these circumstances, Defendants' Motion to Dismiss should be granted.

**C. The Wrongful Termination in Violation of Public Policy Claim Should Be Dismissed Against All Defendants Except Alpha Because the Allegation that Plaintiff Was Employed by *All* Defendants is a Conclusory Assertion Implausible on Its Face**

The only factual matter averred in the Complaint to support the conclusory assertion that "[a]t all times material hereto, Plaintiff was employed by Defendants," is a quote from a letter sent to Plaintiff by an officer of Alpha Technologies, Inc. on the date of her termination. Compl. ¶¶ 2.1, 4.21. The plausible inference that can be drawn from that quote (and the entirety of the letter attached to the Motion to Dismiss) is that, at the time of her termination, Plaintiff was *employed* by Alpha. The letter neither states, nor implies, that Plaintiff had multiple simultaneous employers. It is implausible to suppose that to be the case, as such an arrangement—simultaneous employment by (1) Alpha; (2) Altair Advanced Industries ("Altair"); (3) Alpha's owner, Fred Kaiser; and (4) Altair's owner, Grace Borsari—would create a host of utterly needless and woefully inefficient administrative complexities.

Plaintiff tries to avoid the consequence of her vague, conclusory pleading by quoting definitional language from the Washington Minimum Wage Act, the Fair Labor Standards Act

---

[2] *See also Shaw v. City of Porterville*, 2015 WL 3795026, at *5 (E.D. Cal. June 17, 2015) (granting motion to dismiss because "Plaintiff's complaint fails to plead . . . the elements of his claim under Rule 8"); *Fromkin v. IndyMac Bank FSB*, 2010 WL 2541167, at *9 (D. Ariz. June 18, 2010) ("It is Plaintiff's burden to set forth factual allegations of each element of a claim") (granting motion to dismiss); *Gordon v. Ascentive LLC*, 2007 WL 1795334, at *4 (E.D. Wash. June 19, 2007) ("[T]he plaintiff's complaint should set forth allegations respecting all material elements of a particular claim") (motion to dismiss granted in part).

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 3

14236-0013/131772210.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

("FLSA,") and other statutes taken completely out of context. Opp. at 8-9. That language defines an "employer" for the remedial purposes of *those statutes*, not for purposes of the common law tort of wrongful termination in violation of public policy. For purposes of those broad remedial statutes (*i.e.*, to enforce wage laws or prevent invidious discrimination in the workplace), a definition that embraces the employer's agents or "any person acting in the interest of an employer, directly or indirectly," makes sense. RCW 49.60.040(11).

It does not make sense—nor is it the law in Washington—to apply the vicarious liability regime of those remedial statutes in the context of the narrow wrongful termination tort. And, indeed, as shown in Defendants' opening brief, courts applying Washington law on that cause of action have not done so. This issue is governed by *Awana v. Port of Seattle*, 121 Wn. App. 429, 433 (2004), and *MacDonald v. Grace Church Seattle*, 2006 WL 1009283, at *2 (W.D. Wash. Apr. 14, 2006) (Coughenour, J.), both of which spoke directly to the question presented here. In *Awana*, the Washington Court of Appeals declined to extend liability for the wrongful discharge tort to the Port of Seattle, which did not directly employ the plaintiffs. "The question raised here," said the court, "is whether a cause of action for wrongful discharge in violation of public policy lies not just against the employer, but also against an entity with which the employer had a contract for work. We hold it does not." *Awana*, 121 Wn. App. at 431.

The result was the same in *MacDonald*. In that case, this Court reviewed Washington case law on whether liability for the tort could be extended to non-direct employers, and concluded that it could not: "Washington courts do not impose liability for wrongful discharge [in violation of public policy] on parties not properly considered employers of the complaining party." 2006 WL 1009283 at *2. Moreover, in *MacDonald*, this Court rejected an argument based on the same authority cited by Plaintiff: *Smith v. Bates Technical College*, 139 Wn.2d 793, 799 (2000). *See* Opp. at 10-11. While extending the tort to cover contract employees, "the decision in *Smith* lends no support to the notion that liability for the tort should be extended to a

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 4

14236-0013/131772210.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

party not properly considered an employer." *MacDonald*, 2006 WL 1009283 at *2.

Washington law on this point has not changed since *MacDonald* was properly decided. Accordingly, Plaintiff's citation to cases (Opp. at 10-11) that simply stand for the general proposition that, under some circumstances involving other causes of action, corporate officers can be individually liable for tortious conduct, does not overcome *Awana* and *MacDonald*, which are precisely on point in addressing the specific tort and issue presented here.[3] Thus, Plaintiff's efforts to avoid the consequences of her conclusory pleading are unavailing. Because the Complaint fails to sufficiently plead that Plaintiff was actually *employed* by Defendants Altair, Kaiser, Borsari and unnamed Defendants ABC, Inc. 1-10, the claim of wrongful discharge in violation of public policy should be dismissed as to each of those Defendants.

## D. Plaintiff's State and Federal Wage Claims Are Inadequately Pled

The Ninth Circuit's recent decision in *Landers* strongly supports dismissal of Plaintiff's overtime wage claims (her second and third causes of action, under the Washington Minimum Wage Act and the FLSA, respectively), as well as her wrongful withholding of wages claim (her fourth cause of action), which is entirely derivative of her overtime claims. *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015), affirmed a dismissal of a complaint alleging failure to pay minimum and overtime wages in violation of the FLSA. The *Landers* court reviewed in detail how the Circuit Courts have applied the *Twombly/Iqbal* pleading standard to FLSA claims, concluding as follows:

> We agree with our sister circuits that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments *must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek*.

*Landers*, 771 F.3d at 644-45 (emphasis added). This is not an unduly burdensome requirement:

---

[3] Thus, for example, Plaintiff's reliance on *Consulting Overseas Management, Ltd. v. Shtikel*, 105 Wn. App. 80, 84 (2001), is misplaced, as that case does not address wrongful termination and, in any event, does not extend liability to the corporate officers on any of the claims at issue.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14236-0013/131772210.1

> Although plaintiffs . . . cannot be expected to allege "with mathematical precision," the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages.

*Id*. at 646. Such basic averments were "[n]otably absent from the allegations in Landers's complaint," and accordingly, "the district court properly dismissed his complaint for failure to state a plausible claim." *Id*.

The same reasoning applies here. Plaintiff has alleged only that:

> Plaintiff worked at the Bellingham office during the day and from home at night. With the direction of Kaiser and/or Borsari, Plaintiff spent hours on the telephone every evening with Chinese component manufactures [*sic*] regarding the purchase of power supply components. Defendants expected her to be on-call 24/7 and she was. Plaintiff even worked on Christmas Day.

Compl. ¶ 4.9. The only other allegations are conclusory assertions that "Defendants . . . misclassif[ied] Plaintiff as exempt to avoid paying her for all of the hours that she worked and to avoid paying overtime," and that "Defendants are liable to Plaintiff for unlawfully failing to pay overtime wages and willfully withholding wages." *Id.* ¶¶ 5.5, 5.7. There is no elaboration on why Plaintiff alleges she was "misclassified" as exempt, and—most notably—no allegation that she worked more than 40 hours in any given workweek without receiving payment at an overtime rate. Under the pleading standard described by *Landers*, this is insufficient.[4]

Plaintiff argues that *Landers* is distinguishable because the complaint in that case contained only "general allegations." Opp. at 16. But the allegations in *Landers* were comparable, if not *more detailed*, than those in the instant case. In *Landers*, the plaintiff alleged, among other things, that his employer (1) used a "*de facto* piecework no overtime" compensation system, meaning employees were paid "for each piece of work they performed pursuant to a

---

[4] *See also Wright v. N. Am. Terrazo*, 2013 WL 441517, at *3 (W.D. Wash. Feb. 5, 2013) (Robart, J.) (dismissing overtime claim where plaintiff pled only that defendant "unreasonably den[ied] overtime pay"; "a complaint must contain a sufficient quantum of 'factual matter' alleged with a sufficient level of specificity to raise entitlement to relief above a speculative level") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14236-0013/131772210.1

schedule" rather than time-and-a-half for work in excess of 40 hours a week; (2) would "falsely list" regular hours, overtime hours, and overtime compensation on his check stubs, "such listings being inaccurate in terms of hours actually worked"; and (3) "willfully failed to make . . . overtime and/or minimum wage payments," despite the fact that plaintiff "was entitled to a minimum wage and an overtime hourly wage" and "worked more than 40 hours per week for [his employer]." *Landers*, 771 F.3d at 645-46. Thus, contrary to Plaintiff's contention, *Landers* is not distinguishable on this or any other ground. It sets forth a basic and clear pleading requirement—"allege facts showing that there was a *given week* in which [plaintiff] was entitled to but denied minimum wages or overtime wages." *Id*. at 645 (emphasis added). The Complaint in this case fails to satisfy that simple requirement.

Plaintiff's request that the Court "draw the inference that she consistently and constantly worked in excess of forty hours a week" should also be rejected, as it does not reasonably follow from the meager facts alleged. Spending "hours on the telephone every evening" is not enough to support an inference that an individual has worked in excess of 40 hours in a given week. Likewise, alleging that Plaintiff was "on-call 24/7" does not plausibly show that Plaintiff was "working" during those hours. (*See* Mot. at 9 n.6, discussing the factors that bear on whether "on-call" time should be compensated; Plaintiff's allegations address none of those factors.) Accordingly, Plaintiff's second, third, and fourth causes of action—for alleged failure to pay overtime and wrongful withholding of wages—should be dismissed for failure to state a claim.

E.      **Plaintiff Has Failed to State a Claim for Defamation**

Plaintiff attempts to keep her defamation claim alive by substantially recasting it in her Opposition. In the Complaint, the claim is based solely on the allegation that "[i]t was . . . reported to Plaintiff that Mr. Kaiser informed employees that Plaintiff was terminated because she was a 'security threat.'" Compl. ¶ 4.20; *see also id*. at ¶ 5.11 ("Defendants informed Plaintiff's coworkers and possibly others that Plaintiff was terminated because she was a

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14236-0013/131772210.1

'security risk.'"). In her Opposition, however, Plaintiff suggests that the claim is based in part on statements made during her meeting with Kaiser and Borsari when she was fired and informed of the reason for that action. *See* Opp. at 17 ("Defendants' false allegation [about the attempt to buy illegal drugs during the business trip to the Bahamas] is undoubtedly defamatory").

It is unclear why Plaintiff is misreading her own Complaint, but if it represents an effort to bolster the inadequate factual allegations of her actual claim, it completely fails in that effort. Insofar as Plaintiff now attempts—in plain disregard of the language of her own Complaint—to base her defamation claim on statements made to Plaintiff herself at her "termination meeting" with Kaiser and Borsari, that (newly manufactured) claim fails as a matter of law: "Liability for defamation requires that the defamation be communicated to someone other than the person defamed; in other words, there must be a 'publication' of the defamation." *Doe v. Gonzaga Univ.*, 143 Wn.2d 687, 701 (2001) (citation omitted), *rev'd on other grounds*, 536 U.S. 273 (2002). In short, one cannot be defamed by a statement directed at oneself alone. Thus, Plaintiff's mischaracterization of her Complaint, even if accepted, would not salvage her claim.

Plaintiff also argues that her allegations are adequate based on the Ninth Circuit's ruling in *Flowers v. Carville*, 310 F.3d 1118, 1131 (9th Cir. 2002) (upholding the sufficiency of a complaint that "lists the precise statements alleged to be false and defamatory, who made them and when"). The opinion in that case, however, reveals that the complaint contained a great deal of additional detail, including statements of fact ("tapes were 'doctored' or 'selectively edited'") and a description of media through which the statements were published, and hence the likely audiences for those publications ("1998 appearance on Larry King Live," a political memoir published in 1999, and "a CNBC interview with Tim Russert in 2000"). *Id.* at 1126-27.

The Complaint in this case does not remotely approximate the level of specificity of the pleading in *Flowers*. Rather, the alleged defamation here—Kaiser's explanation that he regarded Plaintiff as a "security threat" or, alternatively, a "security risk" (the allegation lacks precision

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 8

14236-0013/131772210.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

regarding what was actually said)—is far more akin to a statement of opinion than a statement of fact.[5] It is inherently vague, and while it can embrace a wide range of meanings (not all of which are inappropriate in light of the allegations of illegal drug use described in the Complaint), it certainly does not convey the sensational meaning ascribed to it by Plaintiff: "[e]ffectively, Kaiser accused the Plaintiff of a multitude of crimes under the umbrella of 'security threat.'" Opp. at 18. Moreover, the Complaint in this case contains no allegations about where or when the alleged defamatory statement was made, or to whom specifically, other than unnamed "employees" who were "Plaintiff's coworkers." Compl. ¶¶ 4.20, 5.11. In addition, there are no allegations that anyone other than Kaiser made the statement at issue. Thus, at a minimum, the defamation claims against Borsari and Altair should be dismissed.

But even if the alleged statement is understood in the "sinister" manner that Plaintiff proposes, it still fails to state a claim for defamation because as a statement made to "coworkers" regarding the basis for Plaintiff's termination, it falls squarely within the qualified privilege recognized by Washington law.[6] Specifically, the holding of *Messerly v. Asamera Minerals, Inc.*, 55 Wn. App. 811, 818 (1989), *abrogated on other grounds by Swanson v. Liquid Air Corp.*, 118 Wn.2d 512 (1992)—a case with a closely analogous fact pattern to the case at bar—should govern the disposition of the defamation claim. In *Messerly*, an employer terminated a group of miners after receiving a report of illegal drug use in the mine. Then, despite denials of drug use by the terminated employees, the company circulated a memorandum to mine employees stating that "[s]ome of the [terminations] involve[d] use of illegal drugs," which violated company policy and could "not be tolerated." 55 Wn. App. at 815-16. The court affirmed the dismissal of the employees' defamation claim based on the qualified privilege that exists among

---

[5] Even if taken as a statement of fact, there is surely some basis for regarding a person in an intimate relationship with an illegal drug user (or a reported illegal drug user) as a "security risk" in many contexts, including in sensitive business dealings with prominent business associates and political leaders overseas.

[6] An "unprivileged communication" is one of the elements of a defamation claim. *Mark v. Seattle Times*, 96 Wn.2d 473, 486 (1981).

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 9

14236-0013/131772210.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

intercorporate speakers. "Such a privilege exists," said the court, "when [the communication] concerns a matter in which the publisher has an interest and is made to another whom it reasonably believed has a corresponding interest." *Id*. at 817-18; *see also Doe*, 143 Wn.2d at 703 ("There is a qualified privilege for communications made between coemployees, but that privilege may be lost if the employees are not acting in the ordinary course of their work").

Plaintiff does not offer any reasoned argument as to why the alleged statement in this case is not within the common-interest privilege recognized in *Messerly*, *Doe*, and the numerous other cases cited in Defendants' opening brief. The allegation that Kaiser "informed employees" about the reason for Plaintiff's termination certainly falls within the scope of his work as a corporate manager, just as it did in *Messerly*. Likewise, Plaintiff's gratuitous contention that the privilege was abused because it was made with actual malice is an *ex post* addition, appearing nowhere in the Complaint, and is not reasonably inferred from any allegations that are present.[7] Accordingly, Plaintiff's defamation claims against all Defendants should be dismissed.

### F. Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress

Plaintiff admits that "a discharge itself is not sufficient to support a claim for intentional infliction of emotional distress." Opp. at 20 (citing *Dicomes v. State*, 113 Wn.2d 612, 630 (1989)). Rather, "[i]t is the manner in which a discharge is accomplished that might constitute outrageous conduct." *Id*. In *Dicomes*, the allegations were more egregious than those present here. Specifically, plaintiff alleged that her employer "intentionally prepared [a] false report created for the sole purpose of embarrassing, humiliating and then terminating Ms. Dicomes." *Id*. Her discharge, however, was accomplished "by privately delivering a termination letter, and briefly *responding* to media inquiries regarding the dismissal." *Id*. The conclusion of the Washington Supreme Court: "[t]his cannot be considered atrocious and intolerable in a civilized

---

[7] Abuse of the common interest privilege may be established in various way, including by showing, with clear and convincing evidence, that the speaker "knows the matter to be false or acts in reckless disregard as to its truth or falsity." *Moe v. Wise*, 97 Wn. App. 950, 962 (1999). The Complaint here contains no such allegations.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 10

14236-0013/131772210.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

society," even if the employer acted "in bad faith" or with "malice." *Id*. at 631. Plaintiff's outrage claim was therefore dismissed as a matter of law.

The result should be the same here, where the discharge was accomplished by a private meeting between Plaintiff and Kaiser and Borsari. Compl. ¶¶ 4.18-4.19. There is nothing intolerable or outrageous about firing an employee in this manner. Plaintiff's Opposition points to nothing in the Complaint that can distinguish this case from *Dicomes*. Accordingly, Plaintiff's claim for intentional infliction of emotion distress should be dismissed.

**G.     Plaintiff Fails to State a Claim for Negligent Infliction of Emotional Distress**

Plaintiff's claim for negligent infliction of emotion distress fails because the Complaint makes clear that Plaintiff's "distress" arises solely as a result of having been terminated. But "Washington law does not recognize a[] [negligent infliction of emotional distress] claim that arises out of an employment termination." *Cunningham v. Swedish Health Servs.*, 2014 WL 1047183, at *2 (W.D. Wash. Mar. 17, 2014) (Lasnik, J.).

Plaintiff's claim fails for the additional reason that she has failed to allege any objective symptoms of emotional distress that are "susceptible to medical diagnosis," as required to establish a negligent infliction of emotional distress claim. *Haubry v. Snow*, 106 Wn. App. 666, 678-79 (2001).[8] Plaintiff contends this objection is "premature" and "an inference could be drawn" to satisfy this requirement. But Washington case law clearly establishes the "objective symptom" requirement, and passing references to Plaintiff's *subjective* "worries" and "emotional devasta[tion]" neither suffice nor give rise to reasonable inferences that such responses are corroborated through *objective* symptomology.

---

[8] *See also Hegel v. McMahon*, 131 Wn.2d 122, 132, 135 (1998) ("In order to recover for negligent infliction of emotional distress, a plaintiff's emotional response must be . . . corroborated by objective symptomology. . . . [T]o satisfy the objective symptomology requirement . . . , a plaintiff's emotional distress must be susceptible to medical diagnosis and proved through medical evidence."). Plaintiff's citation to *Bylsma v. Burger King Corp.*, 176 Wn.2d 555 (2013), does not support her position, as that case posed a question of statutory interpretation of the Washington Product Liability Act, not the tort of negligent infliction of emotional distress.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14236-0013/131772210.1

**H.     Plaintiff's "Motion to Strike" Should Be Denied**

To the extent Plaintiff is deemed to have properly moved to strike portions of the Motion to Dismiss (*see* Opp. at 4-5), that motion should be denied, as Defendants have not gone beyond the pleading in any material respect. Rather, Defendants have simply restated facts that are alleged or implied in the Complaint. To cite only a few examples:

(1)  "Plaintiff worked for Alpha" is implied by the Complaint at ¶ 4.14 ("Kaiser told the Plaintiff that she would report only to him"), as well as by the letter referenced in ¶ 4.21;

(2)  "Peter Turnquest is a prominent figure in the Bahamas" is implied by ¶ 4.12 ("Turnquist [*sic*] is a current member of the Bahamian parliament");

(3)  "Kaiser informed Plaintiff that as a result of this incident, Turnquist [*sic*] would not work with Plaintiff in the future" is implied by ¶ 4.19 ("Kaiser responded that it did not matter if the drug allegation was false because Mr. Turnquist did not want to work with her anymore").

In short, Defendants have not improperly introduced any material facts. Accordingly, there is no basis to strike or disregard any of the content of the Motion to Dismiss.

### III.     CONCLUSION

Plaintiff's first cause of action—alleging wrongful termination in violation of public policy—should be dismissed against all Defendants except Alpha, because Alpha was Plaintiff's only employer at the time her employment was terminated. Plaintiff's second through seventh causes of action—alleging claims for unpaid overtime, willful withholding of wages, defamation, and intentional and negligent infliction of emotional distress—fail to allege sufficient facts to state a claim and should be dismissed as a matter of law.[9]

---

[9] Plaintiff requests leave to amend. Opp. at 23-25. Defendants leave to the Court whether dismissal of Plaintiff's claims should be *with* or *without* prejudice, although they note that several of Plaintiff's claims fail as a matter of law and are unlikely to be saved by amendment. For example, the alleged defamatory statement attributed to Kaiser, given its content and context, will not become actionable even with additional factual detail. Nor will emotional distress claims deriving solely from the fact of Plaintiff's termination, given controlling Washington law. *See, e.g., Cunningham*, 2014 WL 1047183, at *3 (denying request for leave to amend negligent infliction of emotional distress claim, which "cannot be raised under Washington law" based on termination of employment).

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS (No. 2:16-cv-00727-JCC) – 12

14236-0013/131772210.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | |
|---|---|
| DATED: July 8, 2016 | By: s/ Kevin J. Hamilton<br>By: s/ Joseph M. McMillan<br>By: s/ Tobias S. Piering<br>Kevin J. Hamilton, WSBA #15648<br>Joseph M. McMillan, WSBA #26527<br>Tobias S. Piering, WSBA #44560<br><br>Attorneys for Defendants Alpha Technologies Inc., Altair Advanced Industries, Inc., Frederick Kaiser, and Grace Borsari<br><br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>Email: KHamilton@perkinscoie.com<br>  JMcMillan@perkinscoie.com<br>  TPiering@perkinscoie.com |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS (No. 2:16-cv-00727-JCC) – 13

14236-0013/131772210.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that, on July 8, 2016, I electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS UNDER FRCP 12(b)(6)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Patrick Leo McGuigan**
**William Kim**
HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, WA 98101

- ☐ United States Mail, First Class
- ☐ By Messenger
- ☐ By Facsimile
- ☒ By ECF

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 8th day of July, 2016.

*s/ Breanne Buckley*
Breanne Buckley
Legal Secretary

CERTIFICATE OF SERVICE (No. ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14236-0013/131772210.1