THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YVETTE BAILEY,<br>            Plaintiff,<br>v.<br><br>ALPHA TECHNOLOGIES INCORPORATED, a Washington corporation; ALTAIR ADVANCED INDUSTRIES, INC., a Washington corporation; ABC, INC., 1-10, a defendant corporation(s) whose name(s) is/are unknown; FREDRICK KAISER, and the marital community comprised thereof; GRACE BORSARI, and the marital community comprised thereof; ,<br>            Defendants. | No. 2:16-cv-00727 JCC<br><br>**ANSWER TO COMPLAINT FOR DAMAGES** |

## I. INTRODUCTION

1.1 Plaintiff purports to describe the claims she asserts, to which no answer is required. To the extent any answer is required, all allegations in the paragraph are denied.

1.2 Denied.

1.3 Denied.

1.4 Denied.

1.5 Denied.

## II. PARTIES

2.1 Admit that Plaintiff was employed by Altair Advanced Industries, Inc. ("Altair") until her Altair employment was terminated on February 28, 2015, and Plaintiff commenced her employment with Alpha Technologies, Inc. ("Alpha") on March 1, 2015 until her discharge from

ANSWER TO COMPLAINT FOR DAMAGES
(No. 2:16-cv-00727 JCC) – 1

14236-0013/LEGAL131066285.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1     Alpha on August 26, 2015.  All other allegations in the paragraph are denied.

2          2.2    Admit that Alpha is incorporated in Washington and has done business in Washington State.  All other allegations in the paragraph are denied.

         2.3    Admit that Altair is incorporated in Washington and has done business in Washington State.  All other allegations in the paragraph are denied.

         2.4    Admit that Mr. Kaiser is the owner of Alpha.  Admit that Alpha is one of a number of allied entities that together call themselves the Alpha Group.  All other allegations in the paragraph are denied.

         2.5    Admit that Ms. Borsari is the owner and CEO of Altair Advanced Industries, Inc.  Admit that Altair Advanced Industries, Inc. is one of a number of allied entities that together call themselves the Alpha Group.  All other allegations in the paragraph are denied.

         2.6    Deny that Plaintiff worked for any entity other than Altair and Alpha during the time period relevant to this case.  All other allegations in the paragraph are denied.

### III.    JURISDICTION AND VENUE

         3.1    The allegations are legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

         3.2    The allegations are legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

         3.3    The allegations are legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

         3.4    The allegations are legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

         3.5    The allegations are legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

ANSWER TO COMPLAINT FOR DAMAGES
(No. 2:16-cv-00727 JCC) – 2

14236-0013/LEGAL131066285.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# IV. FACTS

4.1 Admit that Plaintiff worked for Altair from 1989 until her Altair employment terminated on February 28, 2015. Admit that Plaintiff worked for Alpha from March 1, 2015, until Alpha terminated her employment on August 26, 2015. All other allegations in the paragraph are denied.

4.2 Admit that The Alpha Group is an alliance of companies focusing on the design, manufacture, sale and distribution of a variety of powering solutions for the communications, renewable, and industrial markets. Admit that the second sentence is an excerpt from the website http://www.alpha.com/index.php/company/120-mobile-content. All other allegations in the paragraph are denied.

4.3 Admit that Altair manufactures products that it sells to numerous customers including Alpha. Admit that the second sentence is an excerpt from the website http://www.alpha.com/altair-industries. All other allegations in the paragraph are denied.

4.4 Admit that the first sentence is a quote from the website https://www.alpha.ca/company/overview/about-the-alpha-group. Admit that Altair manufactures products that are made in part from components Altair purchases that are manufactured in China. Admit that some products sold by Alpha are manufactured by Altair, using component parts that Altair purchased from vendors located in China. All other allegations in the paragraph are denied.

4.5 Admit that in 2004, G.B. Enterprises, Inc. an entered into a plea agreement in the matter *U.S. v. G.B. Enterprises*, CR04-172C, and agreed to pay $35,509,597. Admit that the transcript of proceedings in that matter, on June 25, 2004, records U.S. District Judge John Coughenour as stating: "The only misgiving I have is that the individual who is primarily apparently responsible for what went on here is not facing an indictment. That person is not in this country and not extraditable. However, given the fact that he is not in this country and is probably not subject to extradition, I easily understand how the Government came to the

ANSWER TO COMPLAINT FOR DAMAGES
(No. 2:16-cv-00727 JCC) – 3

14236-0013/LEGAL131066285.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

resolution that is proposed here…" All other allegations in the paragraph are denied.

4.6 Admit that during her employment as a Senior Buyer at Altair, Plaintiff negotiated product pricing and purchased components for Altair from numerous vendors. All other allegations in the paragraph are denied.

4.7 Plaintiff relates content from, and cites to, various blogs and websites in paragraph 4.7 which speak for themselves and do not require a response. To the extent any allegation requires a response, all allegations in the paragraph are denied.

4.8 Denied.

4.9 Admit that during her Alpha employment Plaintiff was directly supervised by Mr. Kaiser. All other allegations in the paragraph are denied.

4.10 Denied, due to lack of information regarding Plaintiff's education or background in accounting or taxation. All other allegations in the paragraph are denied.

4.11 Denied.

4.12 Admit that Mr. Peter Turnquest is a current member of the Bahamian parliament. All other allegations in the paragraph are denied.

4.13 Denied.

4.14 Admit that from March 1, 2015, when Plaintiff's employment with Alpha commenced, until her discharge from Alpha on August 26, 2015, Plaintiff reported to Mr. Kaiser. All other allegations in the paragraph are denied.

4.15 Denied.

4.16 Admit the while in the Bahamas, Plaintiff and Mr. Kaiser met with Peter Turnquest. All other allegations in the paragraph are denied.

4.17 Denied.

4.18 Admit that Plaintiff, Plaintiff's husband, and Mr. Kaiser returned from the Bahamas on or about August 21, 2015. Admit that on August 26, 2016, Alpha CEO Fred Kaiser discharged Plaintiff after receiving reports that during a business trip to the Bahamas, Plaintiff's

ANSWER TO COMPLAINT FOR DAMAGES
(No. 2:16-cv-00727 JCC) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14236-0013/LEGAL131066285.2

husband attempted to buy illegal drugs from a hotel employee, and Plaintiff and/or her husband made inappropriate, unprofessional and damaging statements about an Alpha vendor. Admit that Ms. Borsari was physically present during Plaintiff's discharge. All other allegations in the paragraph are denied.

4.19 Admit that Mr. Turnquest indicated that as a result of the Plaintiff's and her husband's unprofessional and illegal conduct while at their hotel in the Bahamas, he was uncomfortable and unwilling to work with Plaintiff in the future. All other allegations in the paragraph are denied.

4.20 Denied.

4.21 Admit that on or about August 26, 2015, Alpha Technologies employee George Kolakowski sent Plaintiff a letter titled Re: Alpha Technologies, Inc. and Alpha Group Confidentiality. Mr. Kolakowski's letter speaks for itself.

4.22 Denied.

## V. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION - WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

5.1 Defendants restate and incorporate by reference the answers in the preceding paragraphs.

5.2 Denied.

5.3 Denied.

### B. SECOND CAUSE OF ACTION - FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF RCW 49.46, *et seq.*

5.4 Defendants restate and incorporate by reference the answers in the preceding paragraphs.

5.5 This claim has been dismissed and, accordingly, no response is required. To the extent a response is required, all allegations are denied.

ANSWER TO COMPLAINT FOR DAMAGES
(No. 2:16-cv-00727 JCC) – 5

14236-0013/LEGAL131066285.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### C. THIRD CAUSE OF ACTION - FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §201, *et seq.*

5.6 Defendants restate and incorporate by reference the answers in the preceding paragraphs.

5.7 This claim has been dismissed and, accordingly, no response is required. To the extent a response is required, all allegations are denied.

### D. FOURTH CAUSE OF ACTION - WILLFUL WITHHOLDING OF WAGES IN VIOLATION OF RCW 49.52 *et seq.*

5.8 Defendants restate and incorporate by reference the answers in the preceding paragraphs.

5.9 This claim has been dismissed and, accordingly, no response is required. To the extent a response is required, all allegations are denied.

### E. FIFTH CAUSE OF ACTION - DEFAMATION

5.10 Defendants restate and incorporate by reference the answers in the preceding paragraphs.

5.11 Denied.

### F. SIXTH CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5.12 Defendants restate and incorporate by reference the answers in the preceding paragraphs.

5.13 This claim has been dismissed and, accordingly, no response is required. To the extent a response is required, all allegations are denied.

5.14 This claim has been dismissed and, accordingly, no response is required. To the extent a response is required, all allegations are denied.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### G. SEVENTH CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

5.15 Defendants restate and incorporate by reference the answers in the preceding paragraphs.

5.16 This claim has been dismissed and, accordingly, no response is required. To the extent a response is required, all allegations are denied.

5.17 This claim has been dismissed and, accordingly, no response is required. To the extent a response is required, all allegations are denied.

## VI. PRAYER FOR RELIEF

Answering Plaintiff's Request for Relief (paragraphs A - H), Defendants deny that Plaintiff is entitled to any remedy or relief whatsoever.

## ADDITIONAL DEFENSES

1. Plaintiff fails, in whole or in part, to state claims upon which relief may be granted.

2. Any damages allegedly suffered by Plaintiff, the existence of which Defendants deny, were the result of her own actions or inactions, omissions, misconduct, assumption of risk, fraud and/or negligence.

3. Plaintiff has failed to join a party whose joinder is required.

4. Plaintiff asserts the fault of nonparties.

5. Plaintiff's claims are barred, in whole or in part, by one or more applicable statutes of limitations.

6. Defendants have undertaken a good faith effort to comply with all laws relating to wage payment and have never acted willfully or with the intent to deprive Plaintiff of wages.

7. Plaintiff's claims are barred in whole or in part because Plaintiff has received all wages to which she was entitled.

ANSWER TO COMPLAINT FOR DAMAGES
(No. 2:16-cv-00727 JCC) – 7

14236-0013/LEGAL131066285.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

8. Plaintiff's claims under RCW 49.52.050 *et seq.* are barred because the conduct of Defendants was not willful, and a bona fide dispute exists regarding the obligation to pay the wages at issue in this lawsuit.

9. Defendants' actions with respect to Plaintiff were in good faith.

10. Plaintiff's defamation claim is barred because any alleged defamatory statement, if made, was privileged.

11. Plaintiff's claims are or may be barred by the doctrines of estoppel, waiver, laches, ratification and/or acquiescence, and unclean hands.

12. Plaintiff's claims for damages are or may be barred, in whole or in part, by the failure to mitigate damages.

13. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of after-acquired evidence.

14. To the extent that Plaintiff is awarded damages, the existence of which Defendants deny, Defendants entitled to a setoff against or reduction of such damages for any amounts that Plaintiff has earned or with reasonable efforts could have earned from other employment or remunerative work following her discharge from Alpha.

15. Defendant designates all denials in this Answer as defenses to the extent necessary to provide it with a complete defense.

16. Defendant reserves the right to amend this Answer or add other affirmative defenses as necessary as the case progresses.

## **PRAYER FOR RELIEF**

Having fully answered the Complaint, Defendants request the following relief:

1. That all Plaintiff's claims in this action be dismissed with prejudice;

2. That Defendants recover their costs and attorneys' fees in defending Plaintiff's claims pursuant to any applicable law, contract, or other legal basis; and

ANSWER TO COMPLAINT FOR DAMAGES
(No. 2:16-cv-00727 JCC) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14236-0013/LEGAL131066285.2

3. For such other relief as this Court deems just and appropriate.

DATED: August 24, 2016

By: s/ Kevin J. Hamilton
By: s/ Joseph M. McMillan
By: s/ Tobias S. Piering
Kevin J. Hamilton, WSBA #15648
Joseph M. McMillan, WSBA #26527
Tobias S. Piering, WSBA #44560

Attorneys for Defendants Alpha Technologies Inc., Altair Advanced Industries, Inc., Fredrick Kaiser, and Grace Borsari

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: KHamilton@perkinscoie.com
JMcMillan@perkinscoie.com
TPiering@perkinscoie.com

ANSWER TO COMPLAINT FOR DAMAGES
(No. 2:16-cv-00727 JCC) – 9

14236-0013/LEGAL131066285.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington that, on August 24, 2016, she caused to be served on the person(s) listed below in the manner shown:

**ANSWER TO COMPLAINT FOR DAMAGES**

**Patrick Leo McGuigan**
HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, WA 98101

☐ United States Mail, First Class
☐ By Messenger
☒ By ECF
☐ By E-Mail

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 24th day of August, 2016.

*s/Mary L. Lyles*
Mary L. Lyles
Legal Secretary

CERTIFICATE OF SERVICE
(No. 2:16-cv-00727 JCC) – 1

14236-0013/LEGAL131066285.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000