THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YVETTE BAILEY,

    Plaintiff,

v.

ALPHA TECHNOLOGIES INCORPORATED, *et al.*,

    Defendants.

CASE NO. C16-0727-JCC

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff Yvette Bailey's motion to compel (Dkt. No. 35). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I.    BACKGROUND

The underlying facts of this case have been discussed at length in a previous order. (*See* Dkt. No. 16 at 1–3.) Plaintiff's claims include wrongful termination, failure to pay overtime wages, willful withholding of wages, and defamation. (*See* Dkt. No. 30.)

Relevant to this motion, the Court entered the parties' proposed Electronically Stored Information (ESI) Agreement. (Dkt. No. 22.) The ESI agreement includes acceptable formats for production. These acceptable formats include, but are not limited to, native format, multi-page

Tagged Image File Format (TIFF), single-page TIFF, and searchable Portable Document Format (PDF). (Dkt. No. 22 at 5.) Plaintiff asked that all ESI requested be produced in its native format. (Dkt. No. 36 at ¶ 3; *see, e.g.*, Dkt. No. 36-1 at 2.) Defendants responded to the discovery requests, but none of the documents, except for Excel spreadsheets and PowerPoint presentations, were in native format. (Dkt. No. 36 at ¶ 4.)

On September 14, 2016, the parties conducted a discovery conference on the issue of ESI format production. (*Id.* at ¶ 5.) Defendants maintained their refusal to produce the remaining documents, mostly emails, in native format. (*Id.*) On October 14, 2016, the parties met again to discuss specific interrogatories and requests for production. (*Id.* at ¶ 6.) On November 2, 2016, Defendants restated their arguments and refusals to comply with some of Plaintiff's requests. (Dkt. No. 36-9.) On December 15, 2016, Defendants Alpha and Altair supplemented their responses. (Dkt. No. 36-10.) Over four months later, Plaintiff filed this motion to compel. (Dkt. No. 35.)

## II.   DISCUSSION

### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." When addressing proportionality, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* This Court *strongly* disfavors discovery motions and prefers that the parties resolve discovery issues on their own. (*See* Dkt. No. 3.) However, if requested discovery is not answered, the requesting party may move for an order compelling such discovery *after* having met and conferred with the party failing to make the disclosure. Fed. R. Civ. P. 37(a)(1). The

Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B. Native Format Production

Plaintiff objects to Defendant's refusal to produce all of the documents requested in native format. (Dkt. No. 35 at 5, 10–12.) Native format production is one in which ESI is produced in its "native application," which allows the parties to see the document's metadata. (Dkt. No. 41 at ¶ 3.) For example, a document created using Microsoft Word would be produced as a Word document file. Comparatively, PDFs and TIFFs are an "imaged production" in which ESI is produced in a "static image format." (*Id.*) Essentially, PDFs and TIFFs are screenshots of the ESI whose content cannot be edited and metadata is not visible.

Here, Defendants have produced certain ESI files in native format, and others in imaged formats—"searchable PDF and TIFF, with accompanying load files containing extracted text and all metadata required by the ESI order." (*Id.* at ¶ 4.) Plaintiff argues that she is entitled to ESI in native format because it would provide important and relevant metadata information, including the ability to accurately track communications exchanged in this case between the United States, Bahamas, and China. (Dkt. No. 35 at 11–12.)

Defendants' arguments that the production complies with the ESI order and that the mixed format production conforms to "best practices" in ESI discovery, (Dkt. No. 38 at 11–13), are unavailing. Native format production also complies with the Federal Rules of Civil Procedure and this case's ESI order. Moreover, the Court finds that metadata and native format production are relevant and proportional to the needs of discovery. It is untenable to assert in this technology-driven age of litigation that images of electronic documents provided in TIFF and PDF form offer all of the relevant information possible. The metadata that is not visible in TIFF and PDF productions, but is visible in native format production, is relevant information. Therefore, the Court GRANTS Plaintiff's motion on this issue.

//

**C.     Alpha and Altair's Interrogatory Responses**

     1.  Interrogatory 1

Plaintiff requested Defendants Alpha and Altair identify "every individual who assisted in locating information and/or documentation responsive to Plaintiff's first set of discovery, or who provided information and/or documents responsive to Plaintiff's first set of discovery." (Dkt. No. 36-1 at 12.)  Defendants objected because the interrogatory seeks information protected by the attorney-client privilege and work product doctrine. (Dkt. No. 35-5 at 12.) The request for the identities of all individuals who assisted in locating information is too broad and is protected material. However, the identities of individuals who supplied information and documents is information that goes to who has knowledge of the facts related to Plaintiff's claims. See *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 231–32 (E.D.N.Y. 2007). Therefore, the Court DENIES Plaintiff's motion as to the first clause of Interrogatory 1, but GRANTS Plaintiff's motion as to identifying every individual who provided information and/or documents responsive to Plaintiff's first set of discovery.

     2.  Interrogatory 9

Plaintiff requested that Defendants Alpha and Altair identify every person employed by Alpha and Altair from January 1, 2010, to present. (Dkt. No. 36-1 at 14.) Defendants objected because the request is overbroad, is unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and improperly invades the privacy interests of third parties. (Dkt. No. 36-5 at 17.) However, on December 15, 2016, Defendants supplemented this response by providing information about Plaintiff's employment. (Dkt. No. 36-10 at 6.) The last time the parties met and conferred was October 15, 2016. (Dkt. No. 36 at ¶ 4.) Therefore, in accordance with Federal Rule of Civil Procedure 37(a)(1) and in an effort to promote resolution without Court involvement, the Court ORDERS the parties to meet and confer in regards to Interrogatory 9.

//

### 3. Interrogatory 14

Plaintiff requested Defendants Alpha and Altair identify Plaintiff's job titles, descriptions of her duties, and to whom she reported. (Dkt. No. 36-1 at 15.) Defendants responded "within the period relevant to this lawsuit, Plaintiff held the position of Senior International Buyer . . . and reported directly to Fredrick Kaiser." (Dkt. No. 36-5 at 18.) However, Defendants objected to the rest of the request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information related to Plaintiff's employment outside the three-year statute of limitations. (*Id.*) On December 15, 2016, Defendants supplemented this response by providing more information about Plaintiff's employment. (Dkt. No. 36-10 at 8.) The last time the parties met and conferred was October 15, 2016. (Dkt. No. 36 at ¶ 4.) Therefore, in accordance with Federal Rule of Civil Procedure 37(a)(1) and in an effort to promote resolution without Court involvement, the Court ORDERS the parties to meet and confer in regards to Interrogatory 14.

### 4. Interrogatory 15

Plaintiff requested Defendants Alpha and Altair identify all lawsuits in which either has been a party or witness in the last 15 years. (Dkt. No. 36-1 at 15.) Defendants objected because the request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. (Dkt. No. 36-5 at 19.) The Court concludes that this request is overbroad and not proportional to the needs of the case. The Court DENIES Plaintiff's motion as to this issue.

### 5. Interrogatory 17

Plaintiff requested Defendants Alpha and Altair identify every person or business involved in the purchase of components from China and describe each of their roles in the purchase and how their services justify marking up the component prices. (Dkt. No. 36-1 at 15.) Defendants responded that they coordinate "purchasing with numerous vendors, including vendors in China. [Defendants] will meet and confer with Plaintiff regarding the appropriate

1  scope of a search for information responsive to this interrogatory." (Dkt. No. 36-5 at 20.)

2  However, Defendants objected that the interrogatory is overbroad and vague. (*Id.*) On December

3  15, 2016, Defendants supplemented this response by providing more details regarding the

4  purchase of components in China. (Dkt. No. 36-10 at 10.) The last time the parties met and

5  conferred was October 15, 2016. (Dkt. No. 36 at ¶ 4.) Therefore, in accordance with Federal

6  Rule of Civil Procedure 37(a)(1) and in an effort to promote resolution without Court

7  involvement, the Court ORDERS the parties to meet and confer in regards to Interrogatory 17.

### D. Borsari and Kaiser's Interrogatory Reponses

#### 1. Interrogatory 3

Plaintiff requested Defendants Borsari and Kaiser state their involvement in each Alpha Group company. (Dkt. No. 36-7 at 14.) Defendant Borsari answered that she owns 100% of Altair, (Dkt. No. 36-8 at 14), and Defendant Kaiser answered that he owns 100% of Alpha Technologies, Inc., (Dkt. No. 36-7 at 14.) Defendants refused to respond further as their ownership interests, if any, in non-party entities are irrelevant to Plaintiff's claims (Dkt. No. 36-1 at 15.) The Court concludes that Plaintiff has failed to articulate the relevance of the undisclosed information to this case. These other Alpha Group companies are unrelated, separate legal entities that are not defendants in this matter. The Court DENIES Plaintiff's motion as to this issue.

#### 2. Interrogatory 6 (Borsari) and Interrogatory 7 (Kaiser)

Plaintiff requested Defendants Borsari and Kaiser state their involvement in Telecomponents & Supplier, Inc. (TCS). (Dkt. No. 36-7 at 17.) Defendant Borsari stated that TCS provided products and services to Altair and she met with employees of TCS. (Dkt. No. 38-8 at 16–17.) Defendant Kaiser responded that he is the sole shareholder of TCS. (Dkt. No. 38-7 at 17.) These responses were not challenged by Plaintiff until now and have never been the subject of a meet and confer meeting. (Dkt. No. 40 at ¶ 40; *see* Dkt. No. 40 at 32–41.) Therefore, in accordance with Federal Rule of Civil Procedure 37(a)(1) and in an effort to promote

resolution without Court involvement, the Court ORDERS the parties to meet and confer in regards to Interrogatory 6 (Borsari) and Interrogatory 7 (Kaiser).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 35) is GRANTED in part and DENIED in part. Plaintiff's request for an award of reasonable fees and costs incurred in bringing this motion is DENIED. *See* Fed. R. Civ. P. 37(a)(5)(C). The Court ORDERS the following:

1. Within a week of entry of this order, Defendants are compelled to PRODUCE all ESI in its native format.
2. Within a week of entry of this order, Defendants Alpha and Altair must PRODUCE the identities of every individual who provided information and/or documents responsive to Plaintiff's first set of discovery (Interrogatory 1).
3. Within a month of entry of this order, the parties must MEET AND CONFER to discuss the unresolved discovery issues and FILE a joint status report with the Court. These unresolved issues include Interrogatories 9, 14, and 17 (Defendants Alpha and Altair); Interrogatory 6 (Defendant Borsari); and Interrogatory 7 (Defendant Kaiser). The parties are advised that discovery motions are disfavored and the Court strongly prefers that the parties settle these disputes without court involvement.

DATED this 1st day of June 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE