THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YVETTE BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>ALPHA TECHNOLOGIES INCORPORATED, *et al.*,<br><br>Defendants. | CASE NO. C16-0727-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion for judgment as a matter of law (Dkt. No. 97). Having thoroughly considered the evidence and testimony presented at trial and the parties' arguments, the Court GRANTS the motion for the reasons explained herein.

# I. DISCUSSION

## A. Judgment as a Matter of Law Standard

During trial, if the Court determines a party has not presented sufficient evidence to allow a reasonable jury to find for it on an issue, the Court may: "(A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or a defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a). Judgment as a matter of law is proper when the evidence, viewed in the light most favorable to the nonmoving party, permits only one

reasonable conclusion. *See Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994).

### B. Wrongful Termination in Violation of Public Policy

As a general rule, employees in Washington work at-will, meaning they can be terminated for any reason that is not unlawful. *See Rose v. Anderson Hay & Grain Co.*, 358 P.3d 1139, 1141 (Wash. 2015). The tort of wrongful termination in violation of public policy is a narrow exception to the at-will doctrine. *See, e.g.*, *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002); *White v. State*, 929 P.2d 396, 408 (Wash. 1997). Washington courts have recognized that the tort applies to situations where an employee is fired in retaliation for reporting employer misconduct, *i.e.* whistleblowing. *See, e.g.*, *Gardner v. Loomis Armored Inc.*, 913 P.2d 377, 384 (Wash. 1996).

When financial misconduct is the subject of a whistleblowing claim, courts have held that employees must demonstrate their employer committed an actual violation of law or violated the purpose of the law. *Ellis v. City of Seattle*, 13 P.3d 1065, 1070 (2000), *as amended* (Jan. 8, 2001) (citing cases). In addition, an employee must show that she acted "to further the public good, and not merely private or proprietary interests." *Farnam v. CRISTA Ministries*, 807 P.2d 830, 835 (Wash. 1991) (citation omitted). Finally, the employee must show that her whistleblowing was a "substantial factor" in the employer's termination decision. *Rickman v. Premera Blue Cross*, 358 P.3d 1153, 1160 (2015), *as amended* (Nov. 23, 2015) (citation omitted).

### C. Bailey's Evidence of Whistleblowing

Bailey has not provided sufficient evidence to allow a reasonable jury to find that the Defendants terminated her in violation of public policy. First, Bailey did not present evidence that her act of reporting excessive price margins was a violation of the letter or policy of federal tax laws. Second, the evidence does not support a finding that Bailey sought to further the public good by reporting the price information to the Defendants. Third, Bailey did not provide sufficient evidence that her conduct was a substantial factor in the Defendants' decision to terminate her.

Bailey testified that she was instructed by Defendant Frederic Kaiser to monitor the price margins that Telecomponents and Supply (TCS) was charging Defendant Altair Advanced Industries (Altair) for component parts purchased from foreign contract manufacturers. Both Bailey and Kaiser testified that Kaiser told Bailey to let him know if the price margins for those components climbed above 10–20%.

Bailey testified that in January 2015 she noticed for the first time that the margin on some components had climbed above Kaiser's designated range. Bailey testified that she reported these excessive margins to Defendant Grace Borsari and Kaiser because that is what Kaiser had instructed her to do—in other words, she was doing her job by reporting the information. Bailey testified that after she made her report, Kaiser said the excessive margins could get the company in trouble with the IRS. Kaiser testified that one concern he had about the excessive margins was that they could create a bad image if the company was ever audited by the IRS. There was no evidence that Bailey knew about any tax implications related to the excessive margins prior to reporting the information to Kaiser in January 2015.

After Bailey reported the excessive margins to Kaiser she was given a raise and praised for her good work. Both Bailey and Kaiser testified that Bailey was instructed to continue monitoring the TCS price list and to report any excessive price margins. Bailey testified that in July 2015, she again noticed component prices with margins in excess of 20% and, as instructed, reported the information to Kaiser.

Bailey did not present evidence that the excessive margins she reported were a violation of the letter or purpose of federal tax laws. Bailey did not present any evidence that the excessive margins were illegal. Nor did Bailey present any evidence that her reporting caused the Defendants to comply with tax laws. Bailey testified that she had no special training or experience regarding tax issues. Bailey testified that the only reason she thought the price margins might potentially represent tax violations is because of what Kaiser told her after she reported the first time in January 2015.

The undisputed evidence also does not support that Bailey reported the excessive margins in furtherance of the public good. Bailey testified that the only people she reported the information to were Borsari and Kaiser. Bailey did not raise concerns to anyone else inside or outside of the company. Bailey testified that she reported the information because she did not want the company to get in trouble—not because she wanted to prevent tax violations. Bailey made her report based on Kaiser's explicit instructions—she was following orders and had been rewarded after she reported the first time. The evidence demonstrates that Bailey made the report for her own benefit and the benefit of her employers.

It is not enough for Bailey to argue that she had a reasonable belief that Defendants conduct could have violated tax laws because she is still required to show that her conduct "sought to further the public good, and not merely private or proprietary interests." *Rickman*, 358 P.3d at 1159 (2015). Even if there is a clear public policy mandate to prevent violations of federal tax law, Bailey has not presented evidence that her reporting furthered that public policy—she reported the information to Kaiser because he instructed her to and she testified that she did not want the company to get in trouble. What Bailey characterizes as whistleblowing are actions that were part of her job responsibilities, and there is no evidence that her reporting uncovered any misconduct by the Defendants.

Moreover, even if the Court required Bailey to merely prove that she reported what she reasonably believed were tax violations, she still did not provide sufficient evidence to show that her conduct was a substantial factor in the Defendants' termination decision. The evidence demonstrates that Bailey was rewarded when she reported the excessive price margins. Bailey was given a 10% raise and praised by Kaiser and Borsari for her good work. After Bailey reported price discrepancies for a second time, as instructed by Kaiser, she and her husband were provided with an all-expenses paid trip to the Bahamas. On this record, the Court does not believe Bailey has provided sufficient evidence that her reporting of excessive price margins represented a significant motivating factor behind Defendant's decision to terminate her.

The Court concludes that Bailey has not presented sufficient evidence to allow a reasonable jury to find that she was terminated in violation of public policy by the Defendants.

### D. Liability of Defendants Altair Industries and Grace Borsari

The Court separately holds that Bailey has not provided sufficient evidence for a reasonable jury to find that Defendants Altair or Borsari terminated Bailey in violation of public policy because neither of those Defendants employed Bailey at the time she was terminated. For a defendant to be liable for wrongful termination in violation of public policy the defendant must employ the person who was terminated. *See Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1089 (1984) (the tort "balances the interest of both the employer and employee").

The evidence demonstrates that Bailey was employed by Alpha Technologies (Alpha) at the time she was terminated. Bailey testified that she was transferred from Altair to Alpha on March 1, 2015. Defendants admitted documentary evidence of Bailey's new job, including her formal transfer paperwork to Alpha as well as a new job description. Kaiser, who is Alpha's Chief Executive Officer, testified that he was the person who decided to terminate Bailey in August, 2015. After she was terminated, Bailey claimed unemployment benefits against Alpha. Therefore, Bailey has not provided sufficient evidence to allow a reasonable jury to find that either Borsari or Altair employed her at the time of her termination in August 2015.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for judgment as a matter of law is GRANTED. Plaintiff's claim for wrongful termination in violation of public policy is DISMISSED with prejudice against all Defendants. The Clerk is directed to STRIKE all pending motions and close the case.

//

//

//

//

1     DATED this 14th day of November 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6