THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YVETTE BAILEY,<br><br>              Plaintiff,<br><br>    v.<br><br>ALPHA TECHNOLOGIES INCORPORATED, *et al.*,<br><br>              Defendants. | CASE NO. C16-0727-JCC<br><br>ORDER |

       This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 101) of the Court's order granting Defendant's motion for judgment as a matter of law (Dkt. No. 99). "Motions for reconsideration are disfavored. The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h)(1). "Motions for reconsideration are not the place for parties to make new arguments or to ask the Court to rethink what it has already thought." *Richard v. Kelsey*, No. C09-5253-FDB, slip op. at 2 (W.D. Wash. Nov. 9, 2009).

       Plaintiff asks the Court to reconsider: (1) its holding that to succeed on a claim of wrongful discharge in violation of public policy, Plaintiff must provide evidence that she specifically intended to advance public policy when she reported potential tax violations to her

employer; (2) its holding that to succeed on a claim of wrongful discharge in violation of public policy based on potential tax violations, Plaintiff must prove an actual violation of tax law; (3) its holding that Plaintiff did not provide sufficient evidence for a reasonable jury to find that her engagement in protected activity was a substantial factor in Defendants' decision to terminate her employment; and (4) its holding that Plaintiff did not provide sufficient evidence for a reasonable jury to find that Defendants Grace Borsari and Altair Advanced Industries were Plaintiff's employers or joint employers. (Dkt. No. 101 at 2.) Alternatively, Plaintiff asks the Court to certify two issues of law to the Washington Supreme Court. *Id.*

The Court disagrees with Plaintiff's characterizations of the rulings in its order granting judgment as a matter of law. Furthermore, Plaintiff's motion largely repeats the arguments made in its opposition to Defendants' motion for judgment as a matter of law. (*See generally* Dkt. No. 92.) Plaintiff has neither demonstrated that the Court committed manifest error nor presented new facts or legal authority that support reconsideration. Nor does the Court find a need for issue certification to the Washington Supreme Court. The Court's rulings on the issues Plaintiff raises relied directly on Washington Supreme Court opinions. (*See* Dkt. No. 99 at 2.)

For those reasons, Plaintiff's motion for reconsideration is DENIED.

DATED this 5th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE