UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YVETTE BAILEY,

               Plaintiff,

        v.

ALPHA TECHNOLOGIES
INCORPORATED, *et al.*,

               Defendants.

CASE NO. C16-0727-JCC

ORDER

This matter comes before the Court on Defendant Grace Borsari's motion to enter judgment on her counterclaim (Dkt. No. 106). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.     BACKGROUND

Plaintiff Yvette Bailey ("Bailey") sued her former employers alleging, among other things, that she was wrongfully terminated in violation of public policy. (Dkt. No. 30 at 13.) Defendant Grace Borsari ("Borsari") made a counterclaim alleging Bailey breached three promissory notes when she failed to repay $6,400 Borsari had loaned her. (Dkt. No. 31 at 10.) On September 17, 2017, the Court issued a partial order for summary judgment, dismissing all but one of Bailey's claims against Defendants and granting summary judgment in favor of

1  Borsari on her breach of contract counterclaim. (Dkt. No. 60 at 14–15.) The Court did not issue a

2  separate judgment for any of the claims it resolved on summary judgment.

3       The parties proceeded to trial on Bailey's remaining claim. At the close of Bailey's case,

4  the Court granted Defendants' motion for judgment as a matter of law. (Dkt. No. 99.) On

5  November 14, 2017, the Court entered a judgment which stated: "In accordance with the Court's

6  summary judgment Order dated September 19, 2017 and the Court's Order granting Defendant's

7  motion for judgment as a matter of law dated November 14, 2017, Plaintiff's claims are

8  dismissed with prejudice as to all Defendants." (Dkt. No. 100.) The judgment did not reference

9  Borsari's counterclaim. (*Id*.) Borsari filed the present motion on December 13, 2017, asking the

10  Court to enter a final judgment on her counterclaim. (Dkt. No. 106.) Based on the terms of the

11  promissory notes, Borsari seeks the unpaid principle ($6,400), pre-judgment interest ($720), and

12  reasonable attorney fees ($5000), for a total of $12,120. (*Id*. at 3.)

13  **II.    DISCUSSION**

14       Bailey argues that the Court should not award Borsari attorney fees because her motion is

15  untimely. (Dkt. No. 112 at 2.)[1] Bailey asserts that the Court's summary judgment order issued in

16  September represented a final judgment on Borsari's counterclaim. (*Id*.) Because the Federal

17  Rules of Civil Procedure require a motion for attorney fees to be filed within 14 days of

18  judgment, Bailey argues that Borsari failed to timely move for attorney fees. (*Id*. at 2–3.) Borsari

19  counters that the Court never entered a final judgment on her counterclaim because its summary

20  judgment order did not include a separate judgment and the Court's post-trial judgment only

21  addressed Bailey's claims. (Dkt. No. 106 at 3–4.)

22      **A. Timeliness of Borsari's Motion for Attorney Fees**

23       Under the Federal Rules of Civil Procedure, a judgment "includes a decree and any order

24  from which an appeal lies." Fed R. Civ. P. 54(a). Except in circumstances not applicable to this

25

26      [1] In her motion, Bailey does not object to Borsari's request for the unpaid principle or prejudgment interest.

case, "[e]very judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). A motion for attorney fees must "be filed no later than 14 days after the entry of judgment" unless a statute or court order provides otherwise. Fed. R. Civ. P. 54(d)(2).

Applying the above rules to this case, the Court concludes that a final judgment has not been entered on Borsari's counterclaim, and her motion for attorney fees is therefore timely. The Court's summary judgment order did not represent a judgment because it was not set out in a separate document, and the Court did not expressly state in its order that its grant of summary judgment on Borsari's counterclaim represented a final judgment. Bailey's assertion that the Court's summary judgment order represents a final judgment conflicts with Federal Rule of Civil Procedure 54(b) which states in pertinent part:

> when an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Court's summary judgment order did not represent a final judgment because it neither adjudicated all of the parties' claims nor expressly stated that it was directing final judgment on Borsari's counterclaim. In addition, the Court's post-trial judgment does not represent a final judgment of Borsari's counterclaim because the judgment only made reference to Bailey's claims against the Defendants.[2] In the face of this silence, Borsari appropriately filed her motion for final judgment on her counterclaim. *See* Fed. R. Civ. P. 58(d) ("[a] party may request that judgment be set out in a separate document as required by Rule 58(a)"). Since the Court has not entered a final judgment, Borsari's motion for attorney fees is timely. Fed. R. Civ. P. 54(d)(2).

//

---

[2] The Court further notes that neither its summary judgment order nor post-trial judgment specified the amount for which Bailey was liable to Borsari for breach of the promissory notes.

ORDER
C16-0727-JCC
PAGE - 3

**B. Reasonableness of Attorney Fees**

Borsari asks the Court to award $5000 dollars in attorney fees. (Dkt. No. 106 at 5.) The promissory notes signed by Bailey provided for the recovery of reasonable attorney fees "incurred by the Lender in any suit, action, or appeal, in connection with collection . . . ." (Dkt. No. 52 at 223–26.) The Court determines the reasonableness of attorney fees by using the lodestar method, which multiples the number of hours reasonably expended on the claim by a reasonable hourly rate. *Univ. of Washington v. Gov't Employees Ins. Co.*, 404 P.3d 559, 574 (Wash. Ct. App. 2017). The Court can adjust the lodestar amount by considering other factors such as the skill needed to perform the legal service provided and the results obtained. *Crest Inc. v. Costco Wholesale Corp.*, 115 P.3d 349, 356 n. 17 (2005) (listing relevant factors).

In support of her motion, Borsari's counsel provided a detailed breakdown of the hours spent litigating her counterclaim. (Dkt. No. 107-2.) Borsari's counsel asserts 14 hours were expended, by four attorneys of varying experience. (Dkt. Nos. 107-1, 107-2.) When the total hours are applied to the requested $5000 fee award, the hourly rate is $357 an hour.[3] Applying the lodestar method, the Court concludes that this amount is reasonable considering the experience of the attorneys, nature of the legal service provided, and Borsari's success on summary judgment. Finally, the Court notes that Bailey did not question the reasonableness of the attorney fees sought by Borsari.

**III.    CONCLUSION**

For the foregoing reasons, Defendant's motion for entry of judgment (Dkt. No. 106) is GRANTED. The Court ORDERS and ADJUDGES that Plaintiff Yvette Bailey, as a result of her breach of three promissory notes, is liable to Defendant Grace Borsari for the following amounts:

1. $6,400 in unpaid principle;

2. $720 in prejudgment interest;

---

[3] Borsari voluntarily reduced the total fee request from $8,043.30 to $5,000. (Dkt. No. 106 at 7.)

1     3. $5000 in attorney fees.

2     Bailey's total liability is $12,120. A separate judgment will follow this order.

3     DATED this 2nd day of January 2018.

4

5

6                                          _____

7                                          John C. Coughenour
                                           UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26